DOMBOORAJIAN *v.* DOMBOORAJIAN.

1. APPEAL AND ERROR—REHEARING MAY BE APPLIED FOR ALTHOUGH CLAIM OF APPEAL FILED.

   The filing of a claim of appeal does not oust the court of jurisdiction to grant a rehearing or deprive the defeated party of his right to apply therefor within the four-month period allowed by Circuit Court Rule No. 56.[1]

2. MORTGAGES—ACCOUNTING—DEED AS MORTGAGE.

   In a suit for an accounting of property held by plaintiff and defendants as tenants in common, the finding of the court below that the deed, although absolute on its face, was intended to give plaintiff a one-third interest as security for money advanced to defendants and paid on the property, *held*, sustained by the proofs.[2]

3. FRAUDS, STATUTE OF—PARTY NOT LIABLE FOR DEBT OF OTHERS IN ABSENCE OF WRITING.

   In a suit by an uncle against his nephew and niece for an accounting of property held by them as tenants in common, in the absence of some writing, defendants may not be held liable for money advanced by plaintiff to other members of their family.[3]

Appeal from Washtenaw; Sample (George W.), J. Submitted June 16, 1926. (Docket No. 100.) Decided July 22, 1926.

Bill by Benjamin Domboorajian against Haig Domboorajian and another for an accounting. From the decree rendered, plaintiff appeals. Affirmed.

*L. B. Gardner* and *Frank L. Dodge,* for plaintiff.

*Arthur Brown,* for defendants.

McDONALD, J. The plaintiff has appealed from

[1]Appeal and Error, 3 C. J. § 1380; [2]Mortgages, 27 Cyc. p. 1025; [3]Frauds, Statute of, 27 C. J. § 13.

a decree of the circuit court for Washtenaw county, Michigan.   The issue involves an accounting and a determination of interests in a certain residence property in the city of Ann Arbor.   The parties are natives of Armenia.   The defendants are children of the plaintiff's brother, Mihran Domboorajian, who was a preacher working under the auspices of the Presbyterian Missionary Association in Armenia.   He had a wife and eight children.   In this world's goods they were very poor.   The plaintiff came to this country in 1902, and for some years resided with his family at Petoskey, Michigan, where he prospered as a merchant dealing in Persian rugs.   On one of his return trips to Armenia he brought back to America two of the children, Peter and Christine.   They became members of his family in Petoskey, and were supported and educated by him.   Some years later, the defendant Haig Domboorajian, with his mother and five younger brothers and sisters, started for America.   They became stranded in London, England, but finally reached New York where they were met by the plaintiff.   He paid their transportation and took them to his home in Petoskey where they continued to live with his family until he moved to Lansing.   There, too, they all lived with him until they were able to secure a home for themselves.   The defendant Haig Domboorajian was educated at the Michigan State College and at the University of Michigan.   He is now employed in the civil engineering department of the city of Detroit.   The plaintiff paid in part the expenses of his education.   While the defendant Haig and his sister Christine were at Ann Arbor, they conceived the idea of buying a home there for themselves and other members of their family.   They had no money. They appealed to the plaintiff.   He went to Ann Arbor. Together they selected a residence property which could be bought on contract for $5,700, with an initial

cash payment of $1,500. The plaintiff made this payment. A land contract was executed in which the plaintiff and the two defendants were named as vendees. The defendants and other members of their family moved into the house, rented rooms and in time fully paid the balance of the purchase price. A warranty deed from the vendor described the plaintiff and the two defendants as grantees. So that when this suit was begun the three parties held the record title to the property as tenants in common.

The plaintiff's case is based upon the claim that, when he made the initial payment on the purchase of the property, it was orally agreed that he and the two defendants should each own a one-third interest therein, and that as security for the money which he had previously expended in their education and support, to the amount, approximately, $3,000, he should have a lien on their two-thirds interest. The defendants deny this contention. It is their claim that the initial payment of $1,500 was a loan to them by the plaintiff and that there was no agreement or understanding that he should have any interest in the property. In their cross-bill they admit an indebtedness to him of $1,200, and ask for a decree requiring him to give a quitclaim deed on the payment of that amount.

On the hearing the circuit judge determined the issue in favor of the plaintiff and fixed his interest in the property at $11,440, which included a third of the rents received by the defendants up to the time of suit. From the decree entered the defendants gave notice of appeal and filed a motion for a rehearing. The rehearing was granted. Further testimony was introduced by the defendants, after which the court made a new decree in which he gave the plaintiff a lien on the property for $1,750, that being the total amount he had invested in its purchase. From this decree the plaintiff has appealed.

The first question presented by the record is the claim of the plaintiff that the circuit court had no jurisdiction to grant a rehearing and to enter the second decree after the defendants had filed their claim of appeal from the first decree.

The right of a party to a rehearing and the time in which it must be applied for are governed by Circuit Court Rule No. 56, the applicable part of which reads as follows:

"On proper cause shown, a rehearing of an equitable action may be had.    No application for such rehearing shall be heard unless filed within four months from the entry of the final decree."

This rule gives a defeated party the absolute right to apply for a rehearing within four months.    If he desires to appeal the statute requires that he must file his claim and pay the fee within twenty days from the entry of the decree.    If plaintiff be right in his contention, a party who exercises his right to appeal loses his right to apply for a rehearing within the four months allowed by Rule No. 56.    His right to have a rehearing within the time prescribed by the rule would only be available to him in the event that he did not appeal.    He should have the benefit of both rights, the right to appeal and the right to apply for a rehearing.    He is given both by rule and statute and they are not inconsistent.    It is our view of the question that the filing of a claim for appeal does not oust the court of jurisdiction to grant a rehearing or deprive the defeated party of his right to apply for it within the time allowed by the rule.    Any other holding would practically abrogate the rule.    *Cook* v. *Smith,* 58 Iowa, 607 (12 N. W. 617) ; *Henry* v. *Allen,* 147 N. Y. 346 (41 N. E. 694).

The other reasons advanced by the plaintiff against the right of the court to grant a rehearing are without merit.    It is not necessary to discuss them.

On the rehearing the court found against the plaintiff's claim that by agreement with the defendants he was to have an absolute one-third interest in the property. The plaintiff paid the initial payment of $1,500 on the contract. He made two other payments amounting to $100, and paid a commission of $150 to the real estate broker, making a total advance of $1,750. It was the court's opinion that the deed of a one-third interest in the property was given to secure the repayment of the money so advanced. In view of the letters written by the plaintiff to defendant Haig Domboorajian, we cannot see how the court could have arrived at any other conclusion. On September 10, 1921, he wrote to Haig urging a settlement and saying that he would be willing to go to Ann Arbor for that purpose. The applicable part of the letter reads as follows:

"If you want me to come any days in the week I shall be glad to do so and settle. Back mortgage $1,500, $150 commission and $100 rent, total $1,750 with interest $3,300."

The statement in this letter is not consistent with his claim that he was to have a one-third interest in the property. It was written long before he began this suit. At that time he seems to have regarded the deed as security only. He referred to it as a mortgage and made no claim for the value of a third interest. If the agreement was as he now claims it to be, he naturally would have said something about it at that time. In holding that the deed purporting to give the plaintiff an absolute one-third interest in the property was intended as security merely, we think the circuit judge reached the correct conclusion.

It is a further claim of the plaintiff that, at the time the Ann Arbor property was purchased, the defendants and other members of their family owed him about $3,000 for money which he had advanced for

their transportation to this country, their support while here, etc.; and that the defendants agreed that he should have a lien on their two-thirds interest to secure the payment of this money. It is obvious that in the absence of some writing these defendants cannot be held liable for money advanced by the plaintiff to other members of his family. As an offset against the money advanced by the plaintiff, the record shows that he received some benefits from the sale of Persian rugs which the defendants and other members of the family imported and turned over to him for sale. It is difficult from the record to estimate the exact state of the account between them growing out of the rug business. But it is not necessary to do so. We have read the record carefully and are convinced that there was no agreement that plaintiff should have a lien on the defendants' two-thirds interest in the property, to secure the payment of money advanced by him. As we read the evidence, the only agreement between the parties was that the plaintiff should have security for money that he put into the purchase of the property. We think that the circuit judge correctly disposed of the case.

The decree is affirmed, with costs to the defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.