MORGAN v. KLOSS.

1. APPEAL AND ERROR—FILING CLAIM OF APPEAL DOES NOT PRE-
VENT GRANTING REHEARING.
   The filing of a claim of appeal does not oust the court of juris-
   diction to grant a rehearing or deprive the defeated party
   of a right to apply therefor within the four-month period
   allowed by Circuit Court Rule No. 56.

2. NAVIGABLE WATERS—RIPARIAN OWNERS OWN BED OF INLAND
NAVIGABLE LAKE SUBJECT TO RIGHT OF PUBLIC TO UNOBSTRUCTED
USE OF WATERS.
   While riparian owners own the fee to the bed of an inland
   navigable lake, their ownership is subordinate to the right
   of the public to the free and unobstructed use of the waters
   for navigation and other uses inherently belonging to the
   people, and therefore they would have no right to build a
   bridge from an island to the mainland which would inter-
   fere with the use of the waters by the public.

3. SAME—GRANT OF AUTHORITY TO OBSTRUCT NAVIGABLE WATERS
MUST BE EXPLICIT.
   If it can be said that the State has any power except for
   public purposes to grant authority to private persons to
   obstruct the free use of navigable waters by the public, such
   authority must be explicitly granted.

4. SAME—BRIDGES—STATUTES REFERRING TO STREAMS AND MILL-
RACES NOT APPLICABLE TO INLAND NAVIGABLE LAKES.
   The provisions of 1 Comp. Laws 1915, § 4519, and sections
   2 and 3 of Act No. 354, Pub. Acts 1925, apply to the
   building of bridges over navigable streams and millraces only,
   and therefore constitute no authority for the board of super-
   visors to grant permission to private parties to build a bridge
   over a navigable inland lake for purely private purposes.

Appeal from Cass; Warner (Glenn E.), J. Sub-
mitted June 7, 1928. (Docket No. 40, Calendar No.
33,556.) Decided October 1, 1928.

Bill by Carlton Morgan and others against Edward J. Kloss and others to enjoin the construction of a bridge. From a decree for plaintiffs, defendants appeal. Affirmed.

*Clarence M. Lyle* and *John G. Yeagley,* for plaintiffs.

*Wetmore & Bagley* and *Asa K. Hayden,* for defendants.

McDONALD, J. The purpose of this suit is to restrain the defendants from constructing a bridge over the waters of the south side of Diamond lake in Cass county, Michigan. The defendants own an island of approximately 40 acres near the south shore of the lake. Stella C. Kloss owns a lot on the mainland south of the island. They plan to subdivide the island into lots and to build a bridge connecting it with the lot belonging to Stella Kloss on the mainland, a distance of about 1,700 feet. Permission to build the bridge has been obtained from the board of supervisors of Cass county, and the plans and specifications have been approved by the State highway department. The plaintiffs, who are owners of summer homes on the south shore of the lake, object to the building of the bridge on the ground that it will constitute a nuisance, depreciate the value of their property, and destroy the navigability of the lake. On the hearing, the circuit judge made a decree in favor of the defendants. The plaintiffs filed a claim of appeal. Subsequently, on a rehearing, the court sustained the contentions of the plaintiffs, and entered a decree restraining the construction of the bridge. From this decree the defendants have appealed.

It is first argued by the defendants that the circuit judge was without jurisdiction to grant a rehearing

and to make a different decree after the plaintiffs
had filed their bond and claim of appeal to this court.
Circuit Court Rule No. 56 gives a defeated party the
right to move for a rehearing within four months
from the entry of the decree. In the instant case,
the rehearing was granted prior to expiration of that
time. In *Domboorajian* v. *Domboorajian,* 235 Mich.
668, we said:

"Circuit Court Rule No. 56 gives a defeated party
the absolute right to apply for a rehearing within
four months. If he desires to appeal, the statute
requires that he must file his claim and pay the fee
within twenty days from the entry of the decree. If
the plaintiff be right in his contention, a party who
exercises his right to appeal loses his right to apply
for a rehearing within the four months allowed by
Rule No. 56. His right to have a rehearing within
the time prescribed by the rule would only be avail-
able to him in the event that he did not appeal. He
should have the benefit of both rights, the right to
appeal and the right to apply for a rehearing. He is
given both by rule and statute and they are not incon-
sistent. It is our view of the question that the filing
of a claim for appeal does not oust the court of
jurisdiction to grant a rehearing or deprive the de-
feated party of his right to apply for it within the
time allowed by the rule."

This case controls the question before us adversely
to the defendants' claim.

Diamond lake is a beautiful inland navigable lake
near the village of Cassopolis in Cass county, Michi-
gan. On its shores 200 or more summer homes and
three hotels have been built. Mr. Hain, who has
resided there for 30 years, testified:

"There are 75 or 100 motor boats in the lake,
30 launches anyway, 7 sail boats now operated. All
of these water craft use the portion of the lake lying

south of the island, and over the site of the proposed bridge, and all for the 1,160 feet use it practically from shore to shore, and have used and traversed this portion of the lake for a period of 30 years last past.''

The proposed bridge is to be built entirely of wood. It will be 1,160 feet long and 18 feet wide on top and is intended to stand 3 feet above the water at each end and 10 feet in the middle. The plans call for a filling in of the waters for a distance of 350 feet at each end. These fills are to be connected by wooden piles from 10 to 16 feet apart for a distance of 460 feet.

The question is whether the defendants as riparian owners have a right to construct such a bridge. It is true that as riparian owners they own the fee to the bed of the lake over which it is proposed to construct this bridge, but it is equally true that their ownership is subordinate to the right of the public to the free and unobstructed use of the waters for navigation and other uses inherently belonging to the people. *Collins* v. *Gerhardt*, 237 Mich. 38; *Nedtweg* v. *Wallace*, 237 Mich. 14.

That the building of the proposed bridge will interfere with public rights in the waters of Diamond lake cannot be questioned. It is not to be built in aid of commerce or for any other public purpose. It is a project by private persons for private purposes. If it can be said that the State has any power except for public purposes to grant authority to private persons to obstruct the free use of navigable waters by all of the people, such authority must be explicitly granted. We find legislative authority for the construction of bridges over navigable streams, but we know of no statute which permits the building of bridges across navigable inland lakes. The defendants here claim authority from the board

of supervisors of Cass county acting under section 4519, 1 Comp. Laws 1915, and sections 2 and 3 of Act No. 354, Pub. Acts 1925. These statutes apply to the building of bridges over navigable streams and millraces only. Section 4519 provides:

"Every such board of supervisors shall have power, within their respective counties, to permit or prohibit the construction of any dam or bridge over or across any navigable stream," etc.

Section 2 of Act No. 354 requires that when the proposed bridge is to cost more than $2,500, the State highway commissioner shall prepare or approve the plans and specifications.

Section 3 provides for the filing of a petition with the board of supervisors for permission to build the bridge—

"and such board shall have the power to grant or refuse the prayer of such petition upon such terms as they may deem just and reasonable, and to prescribe what description of bridge may be constructed, or to prohibit the construction of any bridge on the proposed location, as in their judgment the public interest shall require."

These provisions of the statute have no application to the construction of bridges over navigable inland lakes. The power to bridge navigable waters resides in the State. As yet no legislative permission has been given for the bridging of navigable inland lakes. It follows that the board of supervisors had no authority to grant permission to the defendants to build the bridge in question.

No other questions require discussion.

The decree of the circuit court is affirmed, with costs to the plaintiffs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.