DAUGHERTY v. READING.

1. APPEAL AND ERROR—PERFECTION OF APPEAL—JURISDICTION OF CIRCUIT COURT.

Ruling that circuit court has no jurisdiction to grant relief prayed in petition filed after appeal to Supreme Court had been perfected *held*, proper (Court Rule No. 56 [1933]).

2. MORTGAGES—EMERGENCY MORATORIUM ACT—EXTENSION OF PERIOD OF REDEMPTION.

Emergency mortgage moratorium statute, being constitutional, gave trial court power to extend the period of redemption from sale in foreclosure proceedings by advertisement where bill praying such relief is filed before period of redemption expires (Act No. 98, Pub. Acts 1933.)

3. SAME—TENDER—REIMBURSEMENT OF MORTGAGEE.

Mortgagors' tender of payment and mortgagees' demand for reimbursement for expenses incurred may be considered in suit to extend period of redemption.

Appeal from Jackson; Simpson (John), J. Submitted February 28, 1934. (Docket No. 145, Calendar No. 37,760.) Decided April 3, 1934.

Bill by John F. Daugherty and Bertha E. Daugherty against Walter F. Reading and Sarah Reading to extend period of redemption after foreclosure by advertisement and for other relief. Bill dismissed. Plaintiffs appeal. Reversed and remanded.

*Haskell L. Nichols,* for plaintiffs.

NORTH, J. Defendants foreclosed by advertisement a real estate mortgage given by plaintiffs. At the foreclosure sale (June 15, 1932), defendants purchased the mortgaged premises for $3,034.23. On June 5, 1933, 10 days prior to the expiration of the period of redemption, plaintiffs filed the bill of complaint herein under Act No. 98, Pub. Acts 1933, commonly called the mortgage moratorium act. The relief sought is that defendants be restrained from dispossessing plaintiffs and that the period of redemption be extended in accordance with Act No. 98, Pub. Acts 1933. Defendants answered and also filed a motion to dismiss. The motion was granted on the ground that the act is unconstitutional; and decree was entered accordingly, July 28, 1933. Full notice of appeal and appearance thereto were filed August 11, 1933, and contents of record settled by stipulation and order of court, August 30th. A little more than three months later (December 6th), plaintiffs filed a petition reciting that they had secured a loan from the Federal Land Bank of St. Paul, Minnesota, in the amount of $3,500 and that they were ready and willing to pay "the balance due upon the mortgage foreclosure proceedings," but defendants refused and demanded payment of an additional $500. The prayer of the petition is that defendants be compelled "to accept the exact amount due under said foreclosure pro-

ceedings.'' After answer by defendants the petition was dismissed on the ground that the circuit court had no jurisdiction after appeal in the main case to the Supreme Court. This ruling was proper. Court Rule No. 56 (1933), provides:

"Section 1.  (a) Every appeal to the Supreme Court shall be deemed perfected on filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed.

"(b) When the appeal is so perfected, the Supreme Court shall have jurisdiction of the case.''

By stipulation the petition, the answer thereto, and the order of the court are made a part of the record on this appeal.

The first question presented is the constitutionality of Act No. 98, Pub. Acts 1933. Since the instant case was decided in the circuit court we have held the act constitutional. *Russell* v. *Battle Creek Lumber Co.,* 265 Mich. 649. (Decided Jan. 30, 1934.) See, also, *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481).

The trial court had the power to extend the period of redemption in accordance with the prayer of the bill of complaint which was filed herein before the period of redemption expired. What should have been done or what should not have been done touching an extension of the period of redemption can be determined only upon a hearing at which the pertinent facts can be ascertained. At such hearing plaintiffs' tender of payment can be considered and also defendants' demand for an additional sum to reimburse them for expenses incurred. The statute having been considered unconstitutional in the former hearing, testimony was not taken relative to the merits of plaintiffs' application for an extension

of time within which to redeem. That question was neither considered nor determined.

The case will be remanded to the circuit court for further hearing and the determination of that issue and incident thereto plaintiffs' belated tender of payment. The decree entered dismissing plaintiffs' bill of complaint is set aside. Appellants will have costs of this court.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.