MICHAEL McNAMARA VARNISH WORKS, INC., v. McNAMARA
PAINT PRODUCTS CO., INC.

1. APPEAL AND ERROR—EQUITY—JURISDICTION—REHEARINGS—CLAIM
OF APPEAL.

The jurisdiction of a circuit court to grant a rehearing within
two months from the entry of a decree in chancery, pursuant
to Court Rule No. 48 (1933), is not divested by the filing of a
claim of appeal from such decree (Court Rule No. 56 [1933]).

2. EQUITY—AMENDMENT OF DECREE—REHEARING.

Amendment of decree to eliminate matter not found in issue and
to clarify the scope of the restraint granted, on motion to
amend, is treated as action taken on motion for rehearing
where amendment did not require a reopening of proofs but
merely a reconsideration of proofs and, where motion was
made within time allowed by court rule for rehearings, the
court had jurisdiction to make the amendment (Court Rules
Nos. 48, 56 [1933]).

3. APPEAL AND ERROR—GENERAL APPEAL FROM AMENDED DECREE.

General appeal from an amended decree is unaffected by denial
by Supreme Court of writ of mandamus requiring circuit judge
to vacate the amended decree.

4. SAME—DISCONTINUANCE OF APPEAL—COSTS.

Costs in the sum of $25 are granted defendants upon granting
plaintiff's leave to discontinue its appeal, applied for after
it had secured an amendment of the decree eliminating pro-
visions thereof from which it had claimed an appeal.

Appeal from Wayne; Toms (Robert M.), J.　Sub-
mitted June 8, 1938.　(Docket No. 33, Calendar No.
39,875.)　Decided October 5, 1938.

Bill by Michael McNamara Varnish Works, Inc.,
a Michigan corporation, against McNamara Paint

Products Company, Inc., a Michigan corporation, and others to restrain the use of a name as a trade-mark, for an accounting and other relief. Cross-bill by defendants McNamara Paint Products Company, Inc., and Stephen McNamara against plaintiff to establish right to use a name as a trade-mark, for an accounting and other relief. Defendants review denial of their motion to vacate an amended decree by appeal in nature of mandamus. Writ denied.

*Friedman, Meyers & Keys (Joseph H. Jackier,* of counsel), for plaintiff.

*H. J. Lippman,* for defendants.

WIEST, C. J.  August 11, 1937, a decree in an injunction suit was entered in the Wayne circuit, from which plaintiff claimed an appeal on August 28, 1937, and two days later obtained an *ex parte* order extending the time in which to perfect the record on appeal to October 31, 1937. September 27, 1937, defendants moved the court to set that order aside for want of notice and failure of plaintiff to obtain and file the stenographer's certificate as required by Court Rule No. 66, § 2 (1933). September 30, 1937, plaintiff moved the circuit court to amend the decree of August 11th, by striking out a part of its restraint and defining its scope. October 9, 1937, the court vacated the extension order of August 30th, and on October 12th, amended the original decree in respects not requiring the taking of further proofs. Plaintiff, being satisfied with the decree as amended, abandoned further proceedings under the claimed appeal.

Defendants' motion to vacate the amended decree was denied October 16, 1937, and on October 18th defendants claimed an appeal from such denial.

June 3, 1938, plaintiff filed in this court a discontinuance of its appeal from the original decree, together with a motion for an order to such effect. Defendants filed objections. If the circuit court was without jurisdiction to enter the amended decree then the original decree stands and, there being no cross-appeal therefrom by defendants, plaintiff may, on motion and order, discontinue its appeal, with costs to defendants.

The question here is whether the court exercised proper jurisdiction in the premises.

The circuit court could grant a rehearing within two months from the entry of the decree under Court Rule No. 48 (1933), and the claim of appeal did not divest such jurisdiction. *Domboorajian* v. *Domboorajian*, 235 Mich. 668; *Morgan* v. *Kloss*, 244 Mich. 192.

Defendants contend there was no rehearing asked for by plaintiff or granted by the court but only an amendment to the decree after appeal and, to the effect that such cannot be done, cite *Scott* v. *Scott*, 255 Mich. 663; *Daugherty* v. *Reading*, 266 Mich. 514.

It is true there was no rehearing in the sense of re-opening the proofs, but there was a reconsideration of proofs and elimination, by way of amendment, of matter found not in issue and clarification of the scope of the restraint granted. The action taken was in nature a rehearing, followed by amendment and the procedure is not characterized by the form of the motion but by the purpose entertained by the court.

The court recognized the error in the decree and there was jurisdiction to make correction upon notice and hearing.

The provision of Court Rule No. 56 (1933), that:

"Every appeal to the Supreme Court shall be deemed perfected on filing a claim of appeal with

the court, tribunal or officer whose action is to be reviewed.

"(b) When the appeal is so perfected, the Supreme Court shall have jurisdiction of the case,"

does not nullify Court Rule No. 48 (1933), relative to rehearings. *Domboorajian* v. *Domboorajian; Morgan* v. *Kloss, supra.*

Section 2 of Court Rule No. 48 (1933), provides:

"The special matter or cause on which such new hearing is applied for, and the particular points in which the decree or order is alleged to be erroneous, shall be fully set forth in the motion, and the facts stated in the motion, if they do not appear from the records of the court, shall be verified by affidavit of the party or some other person."

Under this section of the rule, notwithstanding the claim of appeal, the circuit court had power to correct the error, if such, in the original decree.

The opinions in *Scott* v. *Scott* and *Daugherty* v. *Reading, supra,* were proper in their settings, for in those cases the perfected appeals from decrees brought to this court issues barring subsequent action pending decision here and did not involve rehearing procedure. The questions here decided relate solely to procedure and not to the merits of the decree as amended.

In this case the motion to amend the decree having been made within the time fixed by rule distinguishes it from *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505.

We understand that defendants claimed a general appeal from the amended decree which is unaffected by our denial of writ of mandamus requiring the circuit judge to vacate the amended decree.

The motion of plaintiff for leave to discontinue its appeal is granted with $25 costs to defendants.

The writ of mandamus is denied, with costs to plaintiff.

Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.