26 C.C.P.A.(Patents)

**RAICHE v. FOLEY.**

Patent Appeal No. 4272.

Court of Customs and Patent Appeals.

May 29, 1939.

Karl Fenning, of Washington, D. C., for appellant.

Willis F. Avery, of Akron, Ohio (Hoke S. Woodruff, of Akron, Ohio, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

On January 20, 1939, the Board of Appeals of the United States Patent Office in an interference proceeding between appellant and appellee reversed the decision of the Examiner of Interferences and awarded priority of invention in the subject matter in issue in the interference between the parties to the junior party Foley, appellee herein. Appellant's limit of time for appealing from the board's decision expired March 9, 1939.

On February 28, appellant filed its notice of appeal from said decision of the board to the United States Court of Customs and Patent Appeals and also filed its reasons of appeal. The time for filing the transcript of record in said court was extended to June 1, 1939, and this appeal has not proceeded further.

On March 8, appellant requested the board to reconsider its decision in awarding priority to appellee in the interference proceeding which petition for reconsideration, on March 23, the board denied on the ground that it had no jurisdiction to consider the request for reconsideration because such request was filed after the filing of the notice of appeal to this court. On March 31, the appellant petitioned the board to reconsider and take jurisdiction to consider the request for reconsideration

filed March 8, which motion, on April 13, was denied by the board.

On April 15, appellant took an appeal to this court asking this court to revise and review the decision of the board in refusing to consider the petition for rehearing.

In this court appellee moved to dismiss appellant's appeal from the board's decision refusing to reconsider its former decision upon the grounds that this court has no jurisdiction under its statutory limited authority other than to pass upon questions of priority and questions ancillary thereto, it being argued that the question raised in the instant appeal does not involve either a question of priority or a question which is ancillary to priority. Appellee alternatively moved that in event this court took jurisdiction of said appeal it be consolidated with appellant's first appeal which involves the question of priority.

Both parties filed briefs. Appellant states that this question has not been specifically decided by this court and points out that it was specifically reserved by us in Heger Products Co. v. Polk Miller Products Corp., 47 F.2d 966, 18 C.C.P.A., Patents, 1106. Appellant here relies upon the right of a tribunal appealed from to consider a petition for rehearing after notice of appeal has been filed, if said petition for rehearing is timely. The cases of Domboorajian v. Domboorajian et al., 235 Mich. 668, 209 N.W. 846; Clement v. Richards v. Meissner, 1904 C.D. 321; and Goddard v. Ordway, 101 U.S. 745, 25 L.Ed. 1040, are cited.

The appellee contends that at the time of filing the petition for rehearing involved in this controversy, appeal had been taken and was pending in this court, and for supporting authority cites Bakelite Corp. et al. v. National Aniline & Chemical Co. et al., 2 Cir., 83 F.2d 176; Jensen et al. v. Lorenz et al., 68 App.D.C. 39, 92 F.2d 992; and United States ex rel. White v. Coe, 68 App. D.C. 218, 95 F.2d 347, and argues that: It is text-book law and nothing more than common sense that "An intermediate appellate court which has rendered the decision has no power to grant a rehearing after the case has been removed to a higher court." 4 Corpus Juris Secundum, Appeal and Error, p. 2038, § 1437; 4 Corpus Juris, p. 636, Sec. 2513.

Appellee points out that in the Clement v. Richards v. Meissner case, supra, strongly relied upon by appellant, the petition for rehearing was filed before the notice of appeal and that in the Goddard case, supra, appeals under the statute were allowed by the intermediate court, which is a different situation from that where the appeal is taken from the Board of Appeals under the existing statutory authority. Attention is further directed to the fact that in the Goddard case the bar to considering the petition for rehearing had been removed by granting a motion to vacate the allowance of appeal. Appellee points out that appellant has not attempted to withdraw his appeal from the said award of priority.

We do not think it necessary to determine whether or not under certain circumstances the Board of Appeals would have the authority to consider a petition for rehearing after the filing of notice of appeal to this court regardless of whether the petition for rehearing was filed before or after the notice of appeal. It is well-settled law that this court in interference cases is limited by statute in its revising and reviewing powers to such an extent that it only has jurisdiction of questions involving priority and questions ancillary thereto. Stern v. Schroeder, 36 F.2d 518, 17 C.C.P.A., Patents, 690; Sundback v. Blair, 47 F.2d 378, 18 C.C.P.A., Patents, 1016; Spatafora v. Zaiger, 69 F.2d 118, 21 C.C.P.A., Patents, 908.

Appellant in oral argument contended that the question he seeks to present here is one ancillary to priority and that as such we have jurisdiction to decide it. Whether or not the refusal of the board to pass upon a timely filed petition for rehearing, under certain circumstances, would be a question which appellant could raise properly in an appeal in an interference proceeding to this court, as we see it, is not before us. There is no issue of priority involved in this appeal and the question which appellant seeks to present cannot be ancillary to priority inasmuch as whatever ruling we might make on the correctness of the board's decision in refusing to consider the petition for rehearing would have no possible bearing on the question of priority. If the question sought to be presented for our decision were decided by us, it might result, if appellant's views were approved, in the board considering the petition, and in that way it might again consider a question of priority, but certainly our passing upon the question of the correctness of the board's action in refusing to reconsider would not involve any issue of priority or

one ancillary thereto. We have found no authority and none has been cited which has any direct bearing on the issue here presented.

For the reasons stated, appellee's motion to dismiss the appeal is granted, and the appeal is dismissed.

Dismissed.