## SCHRAM v. SAFETY INV. CO.

### No. 1241.

District Court, E. D. Michigan, S. D.

Jan. 7, 1942.

See, also, 39 F.Supp. 519.

Robert S. Marx, Carl Runge, and Thomas L. Conlan, all of Detroit, Mich., for plaintiff.

David M. Miro, of Detroit, Mich., for defendant.

PICARD, District Judge.

The above matter now comes before this court on a motion for relief from judgment under Rule 60 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Judgment for defendant was entered on June 16th, 1941, and plaintiff appealed to the Circuit Court of Appeals for the Sixth Circuit, perfecting the order, September 13th, 1941. The instant

motion for relief was filed on October 22nd, 1941, within six months following entry of judgment, but after appeal to the Circuit Court of Appeals—plaintiff setting forth that he had recently discovered, through counsel, a decision of the Circuit Court for the County of Wayne, which if it had been brought to the attention of this court plaintiff claims would have resulted in a judgment for plaintiff. It is admitted that there is no index of cases or reference record by which a decision of one of the 18 Circuit Court Judges of Wayne County nor the 40 other Circuit Court Judges of the State of Michigan can be traced and that plaintiff's attention was drawn to the alleged controlling decision through advices from the office of the Attorney General for the State of Michigan.

■ This court is inclined to believe that had the Wayne County decision been brought to its attention before rendering its opinion in the above matter the results might very probably have been different since that decision seemingly takes the position that the tax sale by the City of Detroit for these unpaid taxes was void. Then by virtue of West v. American Telephone & Telegraph Company, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, this court would necessarily have been obliged to follow the decision of the Wayne Circuit Court, there being no controlling ruling of the Michigan Supreme Court to the contrary.

However, we are confronted by the fact that our decision had already been appealed to the Circuit Court of Appeals when the present motion was made and under the rule laid down in Miller v. United States, 114 F.2d 267, 269.

"The District Court has no authority to vacate a judgment by it entered in an action at law after an appeal from said judgment has been taken."

The Miller case was decided in the Seventh Circuit and is on all fours with the case at bar, except that in the Miller case a later decision of the Supreme Court of the United States, United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678, was responsible for the reversal of its opinion by the trial court.

Plaintiff has directed our attention to this distinction but in the reasoning of this court there would be more grounds for holding that a trial court would be justified in reversing itself upon new law being made than to reverse his own decision upon existing law not directed to his attention by counsel, not known to him, and not a matter of easily available public record.

■ Plaintiff in his argument frankly recognizes that he has some obstacles to overcome but bases his position on the interpretation placed on Rule 57 of the Michigan Court Rules by the Michigan Supreme Court. By Rule 57 an appeal to the Supreme Court must be perfected within twenty days following entry of judgment and under Rule 56, Section a, subdivision b, the Supreme Court then has jurisdiction of the case. Rule 48, section 1 of the Michigan Court Rules provides that rehearings may be had in equitable actions within two months following the entry of a final decree. Several cases are then cited by plaintiff: Domboorajian v. Domboorajian et al., 235 Mich. 668, 209 N.W. 846; Hughes v. Richter, Circuit Judge, 239 Mich. 110, 214 N.W. 175; Better Business Bureau of Detroit, Inc., v. First National Bank-Detroit, 296 Mich. 513, 296 N.W. 665, to the effect that a party litigant has the right to appeal as well as the right to a rehearing and that litigant should enjoy the full time limit for exercising both rights. This is unquestionably the holding of the Michigan Supreme Court in Domboorajian v. Domboorajian, supra, where it said [235 Mich. 668, 209 N.W. 847]: "the filing of a claim for appeal does not oust the court of jurisdiction to grant a rehearing or deprive the defeated party of his right to apply for it within the time allowed by the rule."

But unfortunately for plaintiff this court is bound by Federal holdings on interpretations of Federal Court Rules and although we are not determining that application of the tardily discovered circuit court decision would have been decisive, we believe that this court has lost jurisdiction under the above decision to correct its error—if there is error—and the motion of plaintiff for relief from judgment should be and hereby is denied.