ELISA CAMPOS DELGADO ET AL., Plaintiffs and Appellees-Appellants, v. CENTRAL CAMBALACHE, INC., Defendant and Appellant.

No. 8815.  Argued January 20, 1944.—Decided December 14, 1944.

*A. Reyes Delgado, P. Santos Borges, and Luis Mercader* for plaintiffs and appellants-appellees, petitioners herein.  *G. Zeno Sama* and *Francisco M. Cadilla* for Central Cambalache, Inc.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In the present case the judgment of the District Court of Arecibo was reversed by this court on July 28, 1944. On August 5 the plaintiffs requested the retention of the mandate in order to present a motion for reconsideration. They were granted until August 19 to file the motion for reconsideration. The motion was filed on that same date. The motion was not disposed of by this court in view of the fact that when filed the court was in its summer recess. On September 26, 1944, the plaintiffs filed a notice of appeal to the Circuit Court of Appeals, and on the same date filed a cost bond. In view of the fact that the time to file the transcript of the record would expire on November 25, on November 18 the appellants petitioned for an extension to file the rec-

ord. They were granted thirty days from November 25, which will expire December 25, 1944.

██ It is an almost universally accepted rule that from the moment an appeal is perfected, the jurisdiction of the lower court of the case is transferred to the appellate court. From that time the lower court cannot decide a motion for reconsideration which is pending before it. *Keyser* v. *Farr,* 105 U.S. 265; *Hovey* v. *McDonald,* 109 U.S. 150; *Ackel* v. *Ackel,* 110 P.(2d) 238, 133 A.L.R. 549, 554; Annotation, 10 A.L.R. 526, 575; *Miller* v. *United States,* 114 F.(2d) 267; *Schram* v. *Safety Inv. Co.,* 45 F.Supp. 636; 4 Fed. Rules Serv. 946 and cases cited therein.

Pursuant to Rule 10 of the Circuit Court of Appeals for the First Circuit, which regulates appeals from the Supreme Court of Puerto Rico to that court and which is substantially copied from Rule 73 of the Federal Rules of Civil Procedure, an appeal is perfected from the time the notice of appeal is filed in this court. As the motion for reconsideration was filed August 19, 1944, and the notice of appeal the following September 26, from the later date the Supreme Court of Puerto Rico lost jurisdiction of the case and is therefore unable to decide the motion for reconsideration.

The same doctrine prevails in appeals from the insular district courts to the Supreme Court of Puerto Rico, as we held today in the case of *Guilhon & Barthelemy* v. *District Court, infra,* p. 289.

In the case of *Pérez* v. *Díaz,* 42 P.R.R. 345, decided prior to the effective date of the aforesaid Rule 10, it was held by this court that a motion for reconsideration, filed August 9, 1930, and pending in this court at the time an appeal was allowed to the Circuit Court of Appeals on September 5, 1930, was not affected by the said appeal and that this court still had jurisdiction to decide the same. The case of *Pérez* v. *Díaz, supra,* must be overruled in view of the fact that pursuant to the law that prevailed prior to the approval of

the said Rule 10, the appeal was perfected when allowed on September 5, 1930, and from that time this court lost jurisdiction to decide said motion.

For the aforesaid reasons, the motion for reconsideration will be denied.