## DANIELS v. GOLDBERG.

United States District Court
S. D. New York.
Nov. 29, 1948.
Judgment Affirmed April 5, 1949.
See 173 F.2d 911.

Schlesinger & Krinsky, of New York City, for plaintiff.

Stroock & Stroock & Lavan, of New York City, for defendant.

KAUFMAN, District Judge.

This is a motion by the defendant under Federal Rules of Civil Procedure, Rule 60(a), 28 U.S.C.A., for an order to correct the stenographer's minutes on the ground

that they do not set forth what occurred at the trial and under Rule 60(b) to vacate the judgment on the ground of mistake, inadvertence, surprise and excusable neglect.

A final judgment was entered in this action after a verdict of the jury in favor of the plaintiff on October 15, 1948. The defendant filed a notice of appeal on October 25, 1948, and on November 5, 1948 this motion was made. The appeal has not as yet been docketed in the Court of Appeals.

The ground for this motion is that when, in response to the jury's request, the testimony of one of the witnesses was read to them after they had retired, a portion of such testimony was omitted; that subsequently, and after the notice of appeal had been filed, defendant discovered the omission.

### Motion to Vacate

The first question presented is whether this court has jurisdiction, after a notice of appeal has been filed, to vacate a judgment on the ground specified. Prior to the amendments of the Federal Rules of Civil Procedure, which became effective in March of 1948, the general view was that after a notice of appeal was filed the district court had no authority to proceed further except in aid of the appeal. Miller v. United States, 7 Cir., 114 F.2d 267; Fiske v. Wallace, 8 Cir., 115 F.2d 1003, certiorari denied 314 U.S. 663, 62 S.Ct. 123, 86 L.Ed. 531; Jordan v. Federal Farm Mortgage Corporation, 8 Cir., 152 F.2d 642, certiorari denied 328 U.S. 852, 66 S.Ct. 1339, 90 L.Ed. 1624; Schram v. Safety Inv. Co., D. C., 45 F.Supp. 636.

■ The amendments to the Rules specifically give to the district court power to act in certain instances after an appeal has been filed, Rules 60(a) and 73(a), but none of these confer on a district court the power to vacate a judgment after an appeal has been filed.

Under Rule 73, an appeal is perfected by filing a proper notice of appeal, and the filing of that notice vests jurisdiction of the case in the appellate court. Walleck v. Hudspeth, 10 Cir., 128 F.2d 343, 344. Thereafter the district court has no authority to entertain a motion to vacate its judgment without the permission of the Court of Appeals. Miller v. United States, supra; Schram v. Safety Investment Co., supra; International Ry. Co. v. Davidson, D. C., 65 F.Supp. 58; 3 Moore's Federal Practice (1947 Supplement) p. 326, n. 1.

■ But even assuming that this court has jurisdiction, the alleged omission is not one for which a judgment should be vacated. The alleged defect in no wise affected the substantial rights of the parties and thus, under Rule 61, is not a ground for vacating the judgment. The motion to vacate is therefore denied.

### Motion to Correct

■ The defendant has also moved under Rule 60(a) to correct the stenographer's minutes so that they should reflect what actually occurred at the trial, i.e., so as to state that only a portion of the witness' testimony was read to the jury. Under Rule 60(a), this court has power to correct clerical mistakes and errors arising from oversight or omission in "judgments, orders or other parts of the record". The reporter's transcript, however, does not become a part of the record unless and until it is so designated by the parties. As yet no such designation has been made. It therefore appears that Rule 60(a) is inapplicable in this situation. If the movant desires to correct the record on appeal, a motion should be made under Rule 75(h) to settle the record so that it "truly discloses what occurred in the district court". The motion to correct is denied without prejudice to such a motion.

Settle order on notice.