273 F.2d 163
 COMMONWEALTH INSURANCE COMPANY OF NEW YORK, The Continental
Insurance Company, Milwaukee Insurance Company of
Milwaukee, Wisconsin, United States Fire
Insurance Company, Plaintiffs-Appellants,
v.
O. HENRY TENT & AWNING COMPANY, Defendant-Appellee.
 Nos. 12649, 12764.
 United States Court of Appeals Seventh Circuit.
 Dec. 21, 1959.
 
 1
 John P. Gorman, Chicago, Ill., Donald N. Clausen, Herbert W. Hirsh, Jerome H. Torshen, Chicago, Ill., for appellants.
 
 
 2
 Morris A. Haft, Chicago, Ill., Bernard Davis, Haft, shapiro & Davis, Chicago, Ill., for appellee.
 
 
 3
 Before KNOCH and CASTLE, Circuit Judges, and GRUBB, District Judge.
 
 
 4
 GRUBB, District Judge.
 
 
 5
 The above-numbered appeals have been consolidated for purposes of the hearing only. They arise out of an action for declaratory judgment brought by the insurers against the insured to determine their liability under a fire insurance policy containing a monthly reporting form endorsement whereunder the insured agreed to make monthly reports of total cash values of the insured property at each of specified locations.
 
 
 6
 The value reporting clause of said policies provides that if such reports are not timely made, the amount recoverable thereunder is to be limited to the amount of the last reported values.
 
 
 7
 The insured sustained a fire loss in the agreed actual amount of $32,188.29 and filed a counterclaim for that amount. The insurers contend that their total liability is $14,360.76, the last reported value at the location of the loss. (For a more detailed statement of the facts, see opinion of Chief Judge Duffy in this case, 7 Cir., 266 F.2d 200.)
 
 
 8
 A resume of the proceedings had in the trial court and before this court shows that an order for partial summary judgment in the amount of conceded liability, $14,360.76, was entered by the trial court on the isured's motion on November 6, 1958, with execution issued pursuant to the court's order. The insurers appealed from that judgemtn on November 24, 1958. While said appeal was pending, the undetermined portion of the case was tried to the court and judgment entered for the insured on April 14, 1959, in the amount of $17,827.53 plus interest and attorneys' fees.
 
 
 9
 On May 2, 1959, the decision of this court, reported at 266 F.2d 200, reversing the order for entry of partial summary judgment of November 6, 1958, was rendered.
 
 
 10
 On May 4, 1959, the insurers filed notice of appeal from the judgment entered April 14, 1959.
 
 
 11
 On May 5, 1959, the insured moved in the trial court that the judgment of April 14, 1959, be vacated or, in the alternative, be modified by adding to it the amount of $14,360.76. This motion was continued on May 8, 1959, and on May 11, 1959, it was continued generally. On this date also the summary judgment of November 6, 1958, was vacated pursuant to the mandate of this court.
 
 
 12
 On May 15, 1959, the insured moved this court to amend its decision reversing the partial summary judgment of November 6, 1958. This motion was denied on June 11, 1959.
 
 
 13
 On May 22, 1959, the insured moved the trial court to pass on its motion of May 5, 1959, and that, in the event said motion should be overruled, judgment be entered for the insured in the amount of admitted liability. The trial court on this date denied the insured's motion of May 5, 1959, to vacate or modify but entered another judgment against the insurers in the amount of $14,360.76.
 
 
 14
 On May 25, 1959, the trial court, on its own motion, reconsidered its order for judgment of May 22, 1959, and took the matter under advisement. On June 25, 1959, the trial court reinstated its order of May 22, 1959, and entered partial judgment against the insurers in the amount of $14,360.76.
 
 
 15
 Appeal No. 12649 is from the judgment of April 14, 1959, in the amount of $17,827.53 plus $4,828.23 interest and $2,000.00 attorneys' fees.
 
 
 16
 Appeal No. 12764 is from the partial judgment of June 25, 1959, in the amount of $14,360.76.
 
 
 17
 In the decision on the appeal from partial summary judgment in this cause, this court held that the controversy at bar is a single claim. The order of the trial judge was reversed because that court lacked authority to render a judgment for a portion of a single cause of action. Piecemeal litigation of a single cause of action, possibly leading to several judgments with executions levied upon each of them, is contrary to the policy of the federal courts because it interferes with the orderly administration of justice. The proceedings had in the trial court illustrate the consequences of fragmentation of a single cause in that one of the parties attempted to move the trial court as well as the appellate tribunal to act in the matter simultaneously, and in that there are two judgments entered herein.
 
 
 18
 Under the rule of this court's prior decision herein, the trial court lacked authority to try separately the undetermined portion of the cause and to enter an order for judgment of a portion of a single claim. See Commonwealth Ins. Co. of New York v. O. Henry Tent & A. Co., 7 Cir., 266 F.2d 200, and authorities there cited.
 
 
 19
 Furthermore, an appeal having been taken from the partial summary judgment of November 6, 1958, the trial court was divested of jurisdiction to act in the case except as to matters set forth in Rules 73, 75, and 76, F.R.Civ.P., 28 U.S.C.A. See Borgmeier v. Stone, 7 Cir., 1956, 233 F.2d 818.
 
 
 20
 Lack of jurisdiction is not waived by failure of the parties to object to jurisdictional defects or on their failure to move in the appellate court to stay the cause in the trial court pending appeal. See In re Federal Facilities Realty Trust, 7 Cir., 1955, 227 F.2d 651.
 
 
 21
 For the foregoing reasons the judgment entered April 14, 1959, exclusive of and in addition to the judgment previously entered by the trial court on November 6, 1958, being rendered for a portion of the cause while an appeal was pending from an order entered as to another portion therein, is reversed. (Case No. 12649)
 
 
 22
 The judgment of June 25, 1959, in respect to that portion of the case considered under the motion for partial summary judgment, being issued while the appeal was pending from the judgment entered on April 14, 1959, is also reversed. (Case No. 12764)