Van H. DeLEE and Elijah DeLee, minors, by Mrs. Victor DeLee, their Mother and next friend, et al., Plaintiffs,

v.

SCHOOL DISTRICT NUMBER 3, DORCHESTER COUNTY, SOUTH CAROLINA, a public body corporate; and Kermit Kizer, Chairman of the Board of Trustees of School District Number 3, Dorchester County, South Carolina; and Hugh J. Floyd, Superintendent of School District No. 3, Dorchester County, South Carolina, Defendants.

Civ. A. No. 66–183.

United States District Court
D. South Carolina,
Charleston Division.

Oct. 10, 1969.

See also D.C., 298 F.Supp. 784.

Matthew J. Perry, Columbia, S. C., Ernest A. Finney, Jr., Sumter, S. C., Earl W. Coblyn, Orangeburg, S. C., Mordecai Johnson, Florence, S. C., Jack Greenberg, New York City, F. Henderson Moore, Charleston, S. C., for plaintiffs.

Sidney B. Jones, Jr., Summerville, S. C., and Ben Scott Whaley, Charleston, S. C., for defendants.

1. Fred Henderson Moore, Esquire, of Charleston, South Carolina.

## ORDER

HEMPHILL, District Judge.

Thirty-two students, allegedly represented by their "Guardian and Next Best Friend", and who allegedly reside in Dorchester County School District Number 3, claim present enrollment in Four Hole Elementary School, and come, as members of the class represented by Van H. DeLee and Elijah DeLee to ask, by motion, further relief of this court. The motion asks the court for reconsideration and further relief, and, in effect, asks the court to enter into administrative direction of assignments usually reserved to the chosen and elected school officials. For the purpose of this decision, a short history is appropriate.

This action was originally filed March 10, 1966, asking relief from the constitutional deprivation and diminutions imposed upon Van H. DeLee and Elijah DeLee and members of their class, allegedly resulting from the operation of a school system on a racially segregated basis. The progress of the litigation was extremely slow, and the case was finally assigned to this writer who thereafter took the matter under advisement and entered an Order calling for certain adjustments toward a terminal plan of desegregation for the school year 1970–71. Subsequent to the Order of the court, one of counsel for the plaintiffs [1] wrote to the court complaining that the freedom of choice plan had not been justly administered and asking that the court take cognizance of the violation of its Order, that, insofar as is possible, in keeping with housing and instruction capabilities, all the choices of students in the district would be honored.

About the same time this court received a telephone message from Sidney Jones, Esquire, of counsel for defendants, who advised that considerable harassment of school officials and pupils was in progress in the area [2].

2. The harassment of school officials and pupils attending the Ridgeville Elementary

Hoping to bring some peace to the school situation this court scheduled a hearing for September 4, 1969, at Columbia, S. C. At the hearing it appears that 47 students claiming to be Indians, and enrolled in Four Hole School, had petitioned for admission to Ridgeville Elementary School. At the hearing it further appeared that the school officials considered the Indians as white children and had not transferred into Four Hole School any Negro children as there had been no request from Negro children or others to transfer into Four Hole School under the freedom of choice plan.

When the school superintendent testified that Ridgeville Elementary School would accommodate 15, and no more, of the Four Hole students who had chosen Ridgeville over Four Hole, this court asked counsel for the Indians to confer with the Indians and name 15 students who would be ordered transferred. The students were named, the Order was rendered, the 15 students were transferred.

Since that Order, there has been considerable harassment of Ridgeville Elementary School. In fact, the harassment has occurred at the hands of petitioners or those associated with them and considerable disruption of the school has taken place. This court has had observers on the scene in the hope that this would quiet the situation.[3]

It seems that the plaintiffs, as a class, have asked the court for relief, and because the court would not give the exact relief asked, refused to obey the orders of this court. Suffice it to say that the school board and the school officials have attended diligently despite the regular and predetermined harassment and annoyance by the plaintiffs' class and parents of children. It is in the spotlight of these unfortunate events that the court considers the motion.

On September 13, 1969, the plaintiffs appealed from this court's Order of September 4, 1969. They now ask for further relief or a modification of that Order although the case is on appeal. This gives rise to the question of jurisdiction.

The filing of a Notice of Appeal terminates jurisdiction of the district court except insofar as may be reserved to it by statute or rule. Elgen Mfg. Corp. v. Ventfabrics, Inc., 314 F.2d 440 (C.A. 7 1963). See also, Ryan v. U. S. Lines Co., 303 F.2d 430 (C.A. 2 1962); United States v. Frank B. Killian Co., 269 F.2d 491 (C.A. 6 1959); Hunter Douglas Corp. v. Lando Products, Inc., 235 F.2d 631 (C.A. 9 1956); In re Federal Facilities Realty Trust, 227 F.2d 651 (C.A. 7 1955); Daniels v. Goldberg, 8 F.R.D. 580 (D.C.N.Y.1948) affirmed 173 F.2d 911 (C.A. 2). Generally, appeal suspends power of trial court to proceed further in case. Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (C.A. 3 1962). See, also, Jordan v. Federal Farm Mortg. Corp., 152 F.2d 642 (C.C.A. 8 1945) certiorari denied 328 U.S. 852, 66 S.Ct. 1339, 90 L.Ed. 1624, certiorari dismissed 328 U.S. 821, 66 S.Ct. 1340, 90 L.Ed. 1601; Bergeron v. Mansour, 152 F.2d 27 (C.C.A. 1 1945); Schempp v. School

School has continued at the instigation of the plaintiffs and/or their parents, a number of whom have been arrested and convicted of the charge of violation of Section 16–551(2) (b) of the 1962 Code of Laws for South Carolina, as amended. These cases are on appeal from the convicting Magistrate to the General Sessions Court for Dorchester County.

3. Rather than resort to the harsh procedure of contempt and jail for contempt, this court preferred to produce a quiet climate by the presence of United States Marshals who were sent to the scene, but withheld arrest at the direction of the court. The court also asked the Federal Bureau of Investigation to observe. No physical violence has occurred, but obscene phone calls to teachers, congregating of the dissidents, racing of car loads of automobiles on the roads adjacent to Ridgeville School, and other disquieting harassments of pupils and teachers in Ridgeville have occurred.

Dist. of Abington Tp., Pa., 184 F.Supp. 381 (D.C.Pa.1959); Earle v. United States, 152 F.Supp. 554 (D.C.N.Y.1957); Switzer v. Marzall, 95 F.Supp. 721 (D.C. D.C.1951); Republic of China v. Pang-Tsu Mow, 12 F.R.D. 359 (D.C.D.C.1951).

■ Where an appeal is taken from partial summary judgment, the trial court is divested of jurisdiction to act in the case except as to those matters set forth in the rules with respect to appeal. Commonwealth Ins. Co. of New York v. O. Henry Tent & Awning Co., 273 F.2d 163 (C.A. 7 1959). In United States v. Frank B. Killian Co., 269 F.2d 491 (C.A. 6 1959), the government's notice of appeal operated to transfer jurisdiction to the Court of Appeals and thereafter the district court had no jurisdiction of the cause, other than to act in aid of the appeal as empowered by these rules.

■■ The filing of a notice of appeal from a judgment of federal district court vests jurisdiction over the cause appealed to the Court of Appeals, and thereafter the district court has no power to modify its judgment or take other action affecting the cause without permission of the Court of Appeals, except insofar as jurisdiction is expressly reserved in the district court by statute or these rules to act in aid of appeal. In re Federal Facilities Realty Trust, supra. Jurisdiction is in the Court of Appeals while the appeal is pending, and the district court cannot grant a motion for a new trial in a case which is

pending in the Court of Appeals upon appeal. Smith v. Pollin, 90 U.S.App. D.C. 178, 194 F.2d 349 (1952).

A district court has certain and limited power to act in certain instances after an appeal has been filed [4], but none of these confer on a district court power to vacate a judgment after an appeal has been filed. Daniels v. Goldberg, 8 F.R.D. 580 (S.D.N.Y.1948). Here the appeal was perfected by the filing of notice of appeal on September 13, 1969 [5] and the jurisdiction then vested in the United States Court of Appeals for the Fourth Circuit. Since that notice this court has received no permission to vacate its judgment of September 4, 1969. See also Commonwealth Ins. Co. of New York v. O. Henry Tent & Awning Co., supra.

If plaintiffs wish to dismiss the appeal this court will consider upon proper motion. If the motion to dismiss is granted, the court will thereafter, upon request, entertain a motion for amendment to its order of September 4, 1969. The ten day time limit provided by Rule 52(b) [6] would commence on the day of the dismissal of the appeal which would restore jurisdiction to the district court. In the alternative plaintiffs may apply to the United States Court of Appeals for an Order of vacation, which, if granted would restore the jurisdiction of this court.

Motion dismissed for lack of jurisdiction.

And it is so ordered.

4. Rule 60(a) and 73(a) Federal Rules of Civil Procedure.

5. Plaintiffs were allowed 30 days under the rules.

6. Fed.R.Civ.P. 52(b) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment

accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.