929 F.2d 694
 57 Fair Empl.Prac.Cas. 888
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen Lou STICKLES, Agent for the Class, Plaintiff-Appellant,
v.
Edward J. DERWINSKI, Secretary of the Department of Veterans
Affair, Defendant-Appellee.
 No. 90-2123.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1990.
Decided March 26, 1991.
As Amended May 6, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CA-89-2075-MJG)
 Allen Lou Stickles, appellant pro se.
 Dale Preston Kelberman, Assistant United States Attorney, Frank Dominic Giorno, Veterans Administration, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before CHAPMAN, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allen Lou Stickles brought this Title VII action alleging that he was terminated from his employment due to his race, sex, and mental handicap. The magistrate judge recommended that summary judgment be granted in favor of the defendant on res judicata grounds. The magistrate judge informed Stickles that he had until April 30, 1990 to file objections to the report.
 
 
 2
 Stickles filed objections to the magistrate judge's report; the objections were filed and entered on the docket on April 30, the last day of the objection period. However, the district court was not aware that Stickles had filed objections. Consequently, on May 16 the district court granted summary judgment in favor of the defendant because of Stickles' failure to file objections to the magistrate judge's report. Stickles filed a timely notice of appeal, and the record was sent to this Court on June 22.
 
 
 3
 On June 25, Stickles filed additional objections to the magistrate judge's report in which he directed the district court's attention to his previous objections.[1] The district court then purported to rescind its previous order granting summary judgment based on Stickles' failure to object to the magistrate judge's report, and instead attempted to dismiss the action on the merits. The district court's revised order, along with Stickles' additional objections, were sent to this Court as a supplement to the original action.
 
 
 4
 The first issue on appeal is whether the district court had jurisdiction to enter the revised order after Stickles filed his notice of appeal. "Filing a timely notice of appeal pursuant to Fed.R.App.P. 3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void." Garcia v. Burlington Northern R. Co., 818 F.2d 713, 721 (10th Cir.1987) (citations omitted); see also Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir.1978), cert. denied, 439 U.S. 1089 (1979); DeLee v. School District No. 3, 306 F.Supp. 905, 90708 (D.S.C.1969).
 
 
 5
 Stickles filed a timely notice of appeal after the district court's first order dismissing the action. Jurisdiction over the action was transferred to this Court, and the district court was without jurisdiction to enter its revised order. Therefore, the district court's revised order is without effect, and only the first order granting summary judgment is before the Court on appeal.
 
 
 6
 The only issue remaining is whether the district court erred in dismissing the case for failure to file timely objections to the magistrate judge's report. Because Stickles filed timely objections to the magistrate judge's report, the district court erred in dismissing the action. See, e.g., United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). Therefore, we vacate the district court's order granting summary judgment in favor of the defendant and remand the action for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 The additional objections did not specifically seek reconsideration of the district court's order dismissing the action for failure to object to the magistrate judge's report. However, even if the additional objections were to be construed as a motion for reconsideration, they were not filed within 10 days of the district court's order dismissing the case, so they could not be construed as a Fed.R.Civ.P. 59 motion, and consequently would not serve to nullify the notice of appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam)