394

Hyman **FREEDMAN**, Plaintiff,

v.

**OVERSEAS SCIENTIFIC CORPORA-TION** and **G. George Field,** Defendants.

United States District Court
S. D. New York.

Aug. 2, 1956.

On Reconsideration Jan. 22, 1957.

Greenwald, Kovner & Goldsmith, New York City, Roberts B. Larson, Washington, D. C., of counsel, for plaintiff.

Robinson & Thebner, New York City, Orville N. Greene, New York City, of counsel, for defendants.

CASHIN, District Judge.

In this action the plaintiff, Hyman Freedman, seeks an accounting for profits and damages from the defendants, Overseas Scientific Corporation and G. George Field, its President, individually, for infringement of plaintiff's Patent No. 2,149,048 granted February 28, 1939.

### Findings of Fact

1. Plaintiff is the owner of Patent No. 2,149,048, dated February 28, 1939, for an "Artificial Dental Structure".

2. The patent, insofar as it is in issue in this case, covers a pair of artificial dentures, upper and lower, made at least partially of a magnetized material so positioned that the repelling force of the magnets aids in retaining the dentures in their proper position.

3. The problem of retaining artificial dentures in position has faced the dental art for hundreds of years. Throughout this time many devices have been utilized in an attempt to solve the problem with varying degrees of success.

4. The attraction and repulsion properties of magnets have been known for many centuries.

5. The prior art, as disclosed in patents antecedent to the patent in issue and in previous publications, fails to teach the use of magnets in artificial dentures so as to aid their retention in position.

6. Magnetic dentures have attained a degree of commercial success commensurate with the relative conservativeness of the dental profession.

7. The defendants market artificial teeth which contain spaces in which bar magnets, sold with the teeth, are to be inserted so that the repelling force of the magnets aids in retaining the dentures in place.

8. Artificial dentures utilizing magnetic repulsion would be practical even without the development of the so-called "Alnico" magnet (U. S. Patents Nos. 1,-947,274, dated February 13, 1934; 1,-968,569, dated July 31, 1934; and 1,-989,551, dated January 29, 1935).

9. The artificial teeth marketed by the defendants are essentially the same as the devices described in Claims 3 and 4 of Patent No. 2,149,048, as follows:

"What is claimed is:

" * * * 3. As a new article of manufacture, a pair of artificial dentures made, at least partially, of magnetized material opposed portions of which in the two dentures are of like polarity.

"4. As a new article of manufacture, a pair of artificial dentures, the plates of which are at least partially made of a magnetized alloy, with the opposed posterior extremities of both plates of one polarity and the opposed anterior portions of said plates of another polarity."

10. Defendants had actual notice of plaintiff's patent prior to their marketing of magnetic artificial teeth.

### Conclusions of Law

I. Patent No. 2,149,048 is valid, at least insofar as Claims 3 and 4 are concerned, as a new and useful manufacture.

II. The artificial teeth marketed by the defendants infringe on Claims 3 and 4 of Patent No. 2,149,048.

III. The plaintiff is entitled to judgment for an accounting for profits and damages as a result of the infringement and for the costs of suit.

As pointed out in Lyon v. Bausch & Lomb Optical Co., 2 Cir., 1955, 224 F. 2d 530, the accepted standards for patentable novelty are the existence for a period of time of a problem in the art; attempts by competent workers in the field to solve the problem without success; a solution of the problem by the patentee; and acceptance of the solution by the profession. In this case all of the necessary elements are present. See also Hotchkiss v. Greenwood, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683; Patent Royalties Corporation v. Land-O'-Lakes Creameries, 2 Cir., 89 F.2d 624.

The defendants introduced a number of publications, dating over a period of years, concerning the history of the problem and the various attempts at its solution. The publications are as follows:

Progress of Dentistry and Oral Surgery—By J. J. Wedgwood, Fourth Ed., London, Henry Kimpton, 82 High Holborn, 1885 pages 73–84;

History of Dental and Oral Science in America. (American Academy of Dental Science.) Samuel S. White, Phila. Pa., 1876—pages 42, 44 and 45;

The American Text-Book of Prosthetic Dentistry—Edited by Charles J. Essig—Lea Brothers and Co., Phila. and New York, 1896, page 574;

A History of Dentistry, Vincenzo Guerini, Lea and Febiger, Phila. and New York, 1909, pages 298–301;

Prosthetic Dentistry, J. H. Prothero Medico-Dental Publishing Co., Chicago, 1916, page 1063;

A History of Dentistry, J. A. Taylor Lea and Febiger, Phila. and New York, 1922 Edition, page 144;

Dental Prosthetics, J. Douglas Logan and W. Russell Logan, Second Edition, E. & S. Livingstone, Edinburgh (1934) pages 81 and 83;

Dental Cosmos, Vol. 76, October 1934, The Antiquities of Dental

Prosthesis by Lawrence Parmly Brown, pages 1078, 1080 and 1161;

Dental Prosthetics, Wilson. Lea and Febiger, Phila. and New York, 1920 Edition, pages 336–338.

The plaintiff's solution of the problem, while it has not gained the universal acceptance which might be expected in a field where advances are readily adopted, has attained at least that degree of success which could be expected in a relatively conservative field. Certainly the defendants recognize the usefulness of the idea as evidenced by their own commercial exploitation of magnetized artificial teeth.

There are in evidence, or referred to, a group of previous patents which might be considered as prior art. However, all of such patents covered either artificial dentures which did not utilize the principles of magnetism, (e. g. Patent to Chaffin, No. 601,703 and Patent to Prior, No. 1,831,606), or mechanical devices which did utilize the principles of magnetism but which were in no way akin to artificial dentures (e. g. Patent to Smith, No. 478,245, Patent to Primrose, No. 1,947,920 and Patent to Bates, No. 2,109,953). Neither of these classes of patents can be considered to teach the use of the repelling forces of magnets to aid the retention of artificial dentures in position.

Another factor which cannot be ignored is the presumptive validity which patents issued bear with them. 35 U. S.C. § 282. As pointed out above, the record fails to disclose evidence sufficient to overcome the statutory presumption, especially in view of the " * * * relaxed standard of invention of Lyon v. Bausch & Lomb Optical Co., [supra]". Welsh Maufacturing Company v. Sunware Products Co., 2 Cir., 236 F.2d 225, 227.

■ There was an attempt made at the trial by the defendants to prove that until the development of the so-called "Alnico" magnets, the use of magnetic dentures would have been impractical be-cause of the corrosiveness of magnetizable metals and the relative weakness of the previous magnets. However, it appears clear that even the inferior magnets which had existed prior to the "Alnico" magnet could and did produce effective magnetic artificial dentures. It is true that the plaintiff in his specifications of the patent did state that he proposed to employ "Alnico" magnets in his invention. It is the claims, however, and not the specifications which measure the grant to the patentee, Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332, and the relevant claims do not confine the magnetizable material to be utilized to "Alnico" magnets.

An issue was also raised at the trial to the effect that defendants' device did not infringe on the patent since the figures accompanying the patent and the plaintiff's early experiments indicate the use of horseshoe magnets, while the defendants' product utilizes bar magnets. The issue does not aid the defendants since the figures accompanying the patent need not show every particular application of the claims and since the claims are not confined to any particular type of magnet.

Although the plaintiff originally requested injunctive relief, the patent has expired since the institution of suit and therefore injunctive relief is unavailable.

## On Motion for Reconsideration.

■ Defendant moves "to set aside judgment, recall decision and for reconsideration". Plaintiff sued for infringement of a patent, and for an accounting. Defendant pleaded invalidity and noninfringement. On August 2, 1956, a decision was rendered in favor of plaintiff and on August 29, 1956, pursuant thereto, an interlocutory decree was entered providing for a reference to a Master to compute damages. On September 27, 1956, defendant duly noticed an appeal from the interlocutory decree to the Court of Appeals for the Second Circuit.

On December 5, 1956, plaintiff noticed the present motion, and on January 14, 1957, argument thereon was held. Both the accounting and the appeal are still pending. Defendant now seeks relief herein on the authority of a decision rendered on June 20, 1956, by the United States District Court for the District of Maryland, involving the same patent, entitled Freedman v. Friedman, 142 F.Supp. 426.

The first question to be answered is whether this Court has jurisdiction to alter the interlocutory decree in any way. Defendant places complete reliance on Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731. That case held that an interlocutory decree in a patent case, although appealable, is nevertheless not final and that the Court can reconsider any portion of its decision and reopen any part of the case. With this general proposition there is no dispute. It does not follow, however, that under the circumstances existing here this Court now has jurisdiction to alter its interlocutory decree. It is not the interlocutory nature of the decree, nor its appealability, which is the barrier. Rather, it is the fact that an appeal has been taken, thus effectively ousting the District Court of jurisdiction except for acts in aid of the appeal. Daniels v. Goldberg, D.C.S.D.N.Y.1948, 8 F.R.D. 580, and cases cited therein.

Since the only bar to this Court's jurisdiction to reconsider its prior decision is the pendency of the appeal, it may be argued that the Court should indicate what it would do if it did have jurisdiction in accordance with the procedure suggested by the Court of Appeals for the District of Columbia in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F. 2d 349, as to a motion for a new trial on the ground of newly discovered evidence. See also Harper Bros. v. Klaw, 2 Cir., 1921, 272 F. 894. Therefore, I state that, even were the matter properly before me, I would rule adversely

to the defendant on the merits. The issues in the Maryland case are entirely different from the issues decided herein. In addition, all arguments now made for reconsideration were available at the trial of the case and were, in fact, urged.

The motion is denied. It is so ordered.