Hyman **FREEDMAN**, Plaintiff-Appellee,

v.

**OVERSEAS SCIENTIFIC CORPORA-TION and G. George Field, De-fendants-Appellants.**

**No. 306, Docket 24433.**

United States Court of Appeals
Second Circuit.

Argued March 15, 1957.

Decided Sept. 30, 1957.

Emanuel Thebner, Robinson & Thebner, New York City, for defendants-appellants.

Roberts B. Larson, Washington, D. C. (Greenwald, Kovner & Goldsmith, New York City, and Larson & Taylor, Washington, D. C.), for plaintiff-appellee.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

The defendants appeal from an order of the district court which held Claims 3 and 4 of the plaintiff's patent No. 2,149,048 valid and infringed by the defendants. The patent issued on February 28, 1939 to Hyman Freedman, a practicing dentist, on an application filed January 6, 1937.

For upwards of a century, prosthetic dentistry had been groping with the problem of holding dentures in their proper position in the mouth. Various solutions had been proposed and tried including springs connecting the upper and lower dentures, designed to hold each denture in place by a repellent force pressing each against the contiguous ridge of the mouth, and soft rubber suction cups holding each denture by an attractive force to the contiguous ridge. No solution had been found which was wholly satisfactory.

The patent in suit proposed as a solution of the problem the use of pairs of dentures containing magnets. By disposing the magnets in the dentures so that the opposed portions thereof in the upper and lower dentures were of like polarity, the repellent force thus created assisted in holding each denture against the contiguous ridge of the jaw on which it was designed to ride. The specifications mentioned the suitability of a patented alloy ("Alnico") for use as the magnetizable material because of its magnetic and comparatively non-corrosive qualities: however, neither the claims nor the specifications were limited to magnets comprised of this material. Since none of the claims are for a process, it is insignificant for any present purpose that the specifications contemplated that the operative material should be magnetized after, rather than before, its assembly into the dentures.

■ Except for the disclosure of a structure for use in connection with bridgework, illustrated in Fig. 7, which was apparently the subject-matter of Claims 1 and 2 which are not involved in this appeal, the disclosure was limited to a pair of dentures in which the repellent force from magnets in each denture was utilized to assist in the operability of the dentures. In The Telephone Cases, Dolbear v. American Bell Telephone Co., 126 U.S. 1, 572, 8 S.Ct. 778, 802, 31 L.Ed. 863, in upholding the patent the court said that the patent was "not for the magnet, but for the telephone of which it forms but part." So here, we hold that Claims 3 and 4,[1] which alone are involved in this appeal, are valid. Mackay Radio & Telegraph Co. v. Radio

---

1. "3. As a new article of manufacture, a pair of artificial dentures made, at least partially, of magnetized material opposed portions of which in the two dentures are of like polarity.

"4. As a new article of manufacture, a pair of artificial dentures, the plates of which are at least partially made of a magnetized alloy, with the opposed posterior extremities of both plates of one polarity and the opposed anterior portions of said plates of another polarity."

Corp., 306 U.S. 86, 94, 59 S.Ct. 427, 83 L.Ed. 506; Cantrell v. Wallick, 117 U.S. 689, 694, 6 S.Ct. 970, 29 L.Ed. 1017; Emery v. George H. Bowman Co., 6 Cir., 11 F.2d 525, 526. See also Walker on Patents, Ed.1937, Vol. 1, 215.

■ We agree with Judge Cashin that the prior art in evidence was not such as to rebut the statutory presumption of validity. The defendant points to the 1891 patent to Smith, No. 478,245, which utilized in a mechanical lock the attracting force exerted by the dissimilar poles of magnets, and the 1934 patent to Primrose, No. 1,947,920, which utilized in a display device or a toy the repellent force exerted by the similar poles of magnets. But neither of these patents lay in the field of a dental technician: as to Freedman's disclosure they did not constitute prior art. And none of the references to the prior dental art disclosed the use of magnetic force. Doubtless it was on that account that they were not cited in the Patent Office.

It is true that "Alnico" became available only a few years before the plaintiff's application and that an Alnico magnet, by reason of its special properties, was more suitable for use in dentures than material theretofore available. But we think untenable the defendants' contention that the failure of the dental art sooner to reach the solution disclosed by Freedman was because of the unavailability—until the development of Alnico—of usable magnetic material. The plaintiff testified that he could use and had used in dentures magnetic material existing prior to the development of Alnico and the judge properly so found.

■■ Nor can we accept the defendants' contention that the patent was inoperable or otherwise lacking in patentable utility. It is true that the plaintiff testified that for certain patients, whose bony ridges were too slight to prevent lateral displacement of the dentures, his early magnetic dentures did not give completely satisfactory results. But he also testified that for patients with bony ridges sufficient to prevent lateral displacement his patented structure was distinctly helpful. This was enough to uphold the patent against this criticism. An article invented may have patentable utility even though the patented device is not unfailingly operable in all its applications. Hildreth v. Mastoras, 257 U.S. 27, 42 S.Ct. 20, 66 L.Ed. 112.

In Freedman v. Friedman, D.C.Md., 142 F.Supp. 426, the court dismissed a suit for infringment of this same patent against another defendant on the ground of non-infringement, stating that due to default by the defendant no contest had been raised on the issue of validity and suggesting, by way of dictum, that the validity of the patent was doubtful under the rule of O'Reilly v. Morse, 15 How. 62, 112–113, 117, 14 L.Ed. 601, and The Telephone Cases, 126 U.S. 1, 523, 8 S.Ct. 778, 31 L.Ed. 863. On appeal, the holding of non-infringement was reversed. 4 Cir., 242 F.2d 364. The appellate court in directing a small judgment for the plaintiff treated the patent as valid for purposes of that case and, in contrast with the court below, abstained from any intimation as to the validity of the patent and the doubt as to validity expressed in the opinion below we think not supported by the cases cited.

■ As to infringement, the evidence showed that the defendants have sold strips of artificial teeth mounted on magnets adapted for use in upper and lower dentures with the like poles of the magnets in opposing position. The evidence warranted—indeed, we think, required—an inference that the defendants knew that these strips of teeth were especially adapted for use in dentures, that dentures incorporating such strips would in fact infringe the patent in suit and did not constitute a staple article suitable for substantial non-infringing use. Thus was presented the same problem as to contributory infringement under 35 U.S.C.A. § 271(c) which was decided adversely to the defendant in the appellate opinion in Freedman v. Friedman, supra. We are in full accord with that opinion.

Affirmed.