**YING SHIUE JYU FEN as personal representative and next of kin of Ying Sia-Shuen, Deceased, et al., Plaintiffs,**

v.

**SANKO KISEN (USA) CORP. et al., Defendants.**

No. 75 Civ. 2153.

United States District Court, S. D. New York.

Sept. 27, 1977.

Fields & Rosen, by Stephen H. Fields, New York City, for plaintiffs.

Kirlin, Campbell & Keating, by Daniel J. Dougherty, New York City, for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge.

On November 9, 1974 the YUYO MARU # 10 and the PACIFIC ARES collided in Tokyo Bay. Plaintiffs are the personal representatives of decedent crewmembers of the PACIFIC ARES who were killed in that collision, all of them Taiwanese. The named defendants are PACIFIC BULK CARRIERS, INC., a Liberian corporation and record owner of the PACIFIC ARES, which was registered as a Liberian-flag vessel, SANKO STEAMSHIP CO., LTD. (the Steamship Co.), a Japanese corporation and the sub-time charterer of the PACIFIC ARES at the time of the collision, SANKO KISEN (USA) CORP. (Sanko Kisen), a wholly owned subsidiary of the Steamship Co., incorporated under the laws of New York, and operating as agent for the Steamship Co. with respect to cargoes and vessels on the Eastern and Gulf Coast ports of the United States. Sanko Kisen is also named as defendant in its purported capacity as agent for Pacific Bulk Carriers.

Shortly after the accident, and after retainers were executed by plaintiffs herein in favor of Fields & Rosen, Esqs., the plaintiffs, in Taiwan, executed releases in return for substantial settlements that were negotiated between plaintiffs, with Taiwanese counsel, and the Steamship Co., and not through the offices of Fields & Rosen. Fields & Rosen thereafter filed the instant suit in plaintiffs' names, and in December 1975 the defendants moved for orders dismissing the complaint under Fed.R.Civ.P. 12(b) and for summary judgment under *id.* 56. The motions were held in abeyance pending discovery and renewed in October 1976 on the previous, as well as additional, grounds.

By memorandum and order filed May 7, 1977, I (1) vacated the purported service of a summons on Pacific Bulk Carriers and granted its motion to dismiss for lack of personal jurisdiction; (2) granted summary judgment in favor of all other defendants to the extent the complaint stated a cause of action under the Jones Act, 46 U.S.C. § 688, which only subjects a seaman's employer to liability, holding that plaintiffs had failed to show substantial "contacts between the transaction involved . . . and the United States," *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 309 n. 4, 90 S.Ct. 1731, 1734, 26 L.Ed.2d 252 (1970), *quoting from Bartholemew v. Universe Tankships, Inc.,* 263 F.2d 437, 441 (2d Cir.), *cert. denied,* 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959); and (3) noted that to the extent the complaint stated a cause of action under the general maritime law or the Death on the High Seas Act, 46 U.S.C. § 761, the same considerations that mandated summary judgment as to the Jones Act claim—lack of significant United States contacts— caused me to decline to exercise jurisdiction on the ground of *forum non conveniens* in this action between foreigners.

By notice of motion filed June 17, 1977, plaintiffs seek an order pursuant to Fed.R. Civ.P. 60(b)(1) & (6), "vacating the judgment dismissing the action," on the ground that I erred in concluding that a federal court could decline jurisdiction, on the ground of *forum non conveniens,* of an action brought pursuant to the Death on the High Seas Act, and for leave to file an amended complaint specifically pleading "all bases for liability and jurisdiction."

■ Plaintiffs' filing of a notice of appeal on or about May 25, 1977 from my order filed May 7, 1977 granting summary judgment, deprived this Court of jurisdiction to grant the relief requested. *Weiss v. Hunna,* 312 F.2d 711, 713 (2d Cir.), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963); *Edmond v. Moore-McCormack Lines,* 253 F.2d 143 (2d Cir.), *cert. denied,* 358 U.S. 848, 79 S.Ct. 73, 3 L.Ed.2d 82 (1958); 9 Moore's Federal Practice ¶ 203.11 at 738–39 (1975).

I do note, however, *see Freedman v. Overseas Scientific Corp.,* 150 F.Supp. 394, 397 (S.D.N.Y.1957), that even if this Court had the power to grant the motion, it would not do so.

Plaintiffs' failure to have specifically pleaded the general maritime law and the Death on the High Seas Act in their original complaint did not deprive this Court of the power to consider the applicability of those theories for relief to the facts stated in the complaint, and I did. I noted in my memorandum and order filed May 7, 1977 that to the extent plaintiffs arguably relied on the general maritime law or the Death on the High Seas Act, the same considerations that led me to conclude there was no Jones Act jurisdiction, to wit, lack of substantial United States contacts, required that I dismiss the action on the ground of *forum non conveniens.* Therefore, I considered the applicability of the general maritime law and Death on the High Seas Act to the facts alleged in the complaint, and thus, even were plaintiffs to amend their complaint to specifically plead these theories, it would not alter the end result.

■ The essential thrust of plaintiffs' motion here is that I was in error in concluding that a claim brought under the Death on the High Seas Act could be dismissed on the ground of *forum non conveniens.* That obviously is a pure matter of law that should properly have been raised in a timely motion to reargue pursuant to Local Rule 9(m),[1] and not under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs state no reason for their failure to move in a timely fashion under Local Rule 9(m), so that even if I had the power to grant plaintiffs' motion, in the exercise of discretion, I would decline to grant relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

■ Finally, even if I had jurisdiction to grant the motion and was moved to exercise my discretion to allow plaintiffs to reargue, the result would be the same. Plaintiffs argue that since *forum non con-*

*veniens* is not a basis for declining jurisdiction of a Jones Act case, so too, it is not a ground on which to decline jurisdiction of an action brought under the Death on the High Seas Act. They acknowledge that *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448 (2d Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976), affirming the district court's dismissal of such an action on the ground of *forum non conveniens,* is to the contrary, but urge that it is wrongly decided due to the failure of the parties to raise the issue.

In fact, however, the different treatment by federal courts of Jones Act and Death on the High Seas Act cases arises from the historical distinction, going back to the founding of our country and beyond, between "federal question" jurisdiction and admiralty jurisdiction. *See Romero v. International Terminal Co.,* 358 U.S. 354, 359–81, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) and *The Federalist* No. 80 of Alexander Hamilton.

Jones Act actions are "Cases, in Law . . ., arising under . . . the Laws of the United States," U.S.Const. Art. III, § 2, cl. 1, and thus are placed in the "federal question" category of 28 U.S.C. § 1331.[2] Once sufficient United States contacts are shown, the district courts cannot decline to exercise jurisdiction regardless of inconvenience. *Bartholomew v. Universe Tankships, Inc.,* 263 F.2d 437, 443 (2d Cir.), *cert. denied,* 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959).

By contrast, Death on the High Seas Act actions do not arise under the "laws" of the United States but are specifically within the admiralty jurisdiction of the federal courts.[3] As was stated by Chief Justice Marshall in *American Insurance Co. v. Canter,* 26 U.S. (1 Pet.) 511, 545–46, 7 L.Ed. 242 (1828):

---

1. Rule 9(m) of the General Rules of United States District Courts for the Southern and Eastern Districts of New York provides that "[a] notice of motion for reargument shall be served within ten (10) days after the filing of the court's determination of the original motion . . . ."

2. The Jones Act provides for "an action for damages at law . . . ." 46 U.S.C. § 688.

3. The Death on the High Seas Act provides for "a suit for damages in the district courts of the United States, in admiralty . . . ." 46 U.S.C. § 761.

48

A case in admiralty does not, in fact, arise under the Constitution or laws of the United States. These cases are as old as navigation itself . . . .

Thus, an admiralty case, being not a "federal question" case within the meaning of 28 U.S.C. § 1331, *Romero v. International Terminal Co., supra,* is consequently subject to "[t]he rule recognizing an unqualified discretion to decline jurisdiction in suits in admiralty between foreigners . . . ." *Canada Malting Co. v. Paterson Co.,* 285 U.S. 413, 421, 52 S.Ct. 413, 415, 46 L.Ed. 837 (1932).

For all of the above reasons, plaintiffs' motion is denied in its entirety.

So Ordered.