In re Gary J. and Karen A. **FARLEY**.

**PRUDENTIAL INSURANCE CO. OF AMERICA**

v.

Mark J. and Alicia **FARLEY**.

**PRUDENTIAL INSURANCE CO. OF AMERICA**

v.

Gary J. and Karen A. **FARLEY**.

Civ. A. Nos. 93–3694, 93–3712.

United States District Court, E.D. Pennsylvania.

Aug. 13, 1993.

Howard Gershman, Boroff, Harris & Heller, P.C., Plymouth Meeting, PA, Dean Prober, Tarzana, CA, for appellant.

John J. Koresko, V, Koresko & Noonan, P.C., Norristown, PA, for debtors.

Mark J. Farley, pro se.

Alicia Farley, pro se.

Frederic Baker, pro se.

Matthew R. Nahrgang, D'Annunzio & Associates, Conshohocken, PA, for appellees.

Gary J. Farley and Karen A. Farley, pro se.

### *MEMORANDUM AND ORDER*

HUTTON, District Judge.

Presently before the Court are Prudential Insurance Company of America's ("Prudential") Appeal from the Bankruptcy Court's Confirmation of the Debtors' Plan for Reorganization under Chapter 11 of the United States Bankruptcy Code, and Gary J. and Karen A. Farleys' Motion to Dismiss Prudential's Appeal for Failing to File a Timely Appeal Under Bankr.R. 8002.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

On April 22, 1993, United States Bankruptcy Judge David A. Scholl confirmed the Debtors' fourth plan for reorganization, certifying that the plan conformed with the requirements set forth under the Bankruptcy Code, 11 U.S.C. § 1129 (Supp.1993). On appeal to this Court, Prudential argues that: (1) certain secured real estate should not be subject to the plan at all because, as a secured creditor, Prudential is entitled to foreclosure relief outside of the plan; and, in the alternative; (2) if the property is subject to the Chapter 11 reorganization, the plan as approved by the court violates 11 U.S.C. § 1129(b). Specifically, Prudential argues that the plan violates the "cram down" provisions of § 1129 because the confirmed plan granted creditors who voted for the plan an 8% rate of interest on secured property, while those creditors that did not vote for confirmation were awarded only a 6% rate of interest on secured property.

In lieu of a formal response to Prudential's arguments, Gary and Karen Farley (E.D.Pa., C.A. No. 93–3712) filed the present Motion to Dismiss the Appeal because Prudential failed to file its appeal within ten (10) days as required by Bankr.R. 8002.[1]

The docket entries in *Prudential v. Mark and Alicia Farley*, Bankr. No. 92–13203 (now E.D.Pa., C.A. No. 93–3694) reveal the following developments:

---

1. As of the date of this Memorandum and Order, Mark and Alicia Farley (Bankruptcy Appeal, E.D.Pa., C.A. No. 93–3694) have not filed a Motion to Dismiss in the district court. However, because the appellees are represented by the same counsel, Mark and Alicia filed a motion to dismiss on June 17, 1993, in the bankruptcy court, and their motion raises the same issues as Gary and Karen Farleys' Motion to Dismiss (Bankruptcy Appeal, E.D.Pa., C.A. No. 93–3712), this Court will not consider Prudential's Appeal as unopposed in C.A. No. 93–3712. Rather, this Court will consider the Motion to Dismiss filed in the bankruptcy case as if it had been refiled with this Court. This Court notes, however, that neither Appellee has cited any authority for the proposition that a Motion to Dismiss an Appeal constitutes a response to an appeal from the bankruptcy court. *Cf.* Fed.R.Civ.P. 12(a) (a motion raising an affirmative defense may be filed in lieu of an answer, with an answer to be filed within ten (10) days after the district court denies the Motion to Dismiss).

| Date | Event |
|------|-------|
| April 12, 1993 | Order Confirming Plan |
| April 13, 1993 | Prudential Motion for Reconsideration |
| April 13, 1993 | Motion by Dean Prober for Prudential to Expedite Hearing regarding Motion for Reconsideration |
| April 15, 1993 | Order Denying Motion to Expedite Hearing Re Motion for Reconsideration. |
| April 16, 1993 | Order Requiring an Answer and Notice of Hearing on Motion to Reconsider Chapter 11 Plan Order scheduled for 9:30 5/12/93 at Philadelphia Courtroom # 2. |
| April 22, 1993 | Response by Debtor Alicia Farley, Debtor Mark J. Farley to Motion to Reconsider Chapter 11 Plan Order by Prudential |
| May 5, 1993 | Hearing Held Re: Motion to Lift Stay by State Street Bank |
| May 21, 1993 | Notice of Appeal by Prudential |
| June 17, 1993 | Motion by Debtor Alicia Farley to Dismiss Appeal |

Similarly, the docket entries in *Prudential v. Gary and Karen Farley*, Bankr. No. 92–13202 (now E.D.Pa. No. 93–3712) reveal the following developments:

| Date | Event |
|------|-------|
| April 12, 1993 | Order Confirming Plan |
| April 12, 1993 | Hearing held re: Motion for Reconsideration by Prudential.  Motion Denied |
| April 13, 1993 | Motion by Prudential for Reconsideration of Confirmation of Plan |
| April 13, 1993 | Motion by Prudential to Expedite Hearing re: Motion for Reconsideration |
| April 15, 1993 | Order denying Motion to Expedite Hearing Re: Motion to Reconsider Confirmation |
| April 20, 1993 | Order Requiring an Answer and Notice of Hearing on Motion to Reconsider scheduled for 5/12/93 in Philadelphia Courtroom # 2 |
| April 22, 1993 | Response by Debtor Karen A. Farley, Debtor Gary J. Farley to Motion to Reconsider |
| May 12, 1993 | Order Denying Motion to Reconsider Order Confirming Plan on April 12, 1993 |
| May 21, 1993 | Notice of Appeal by Prudential |
| June 17, 1993 | Notion by Debtor Karen A. Farley and Gary Farley to Dismiss for Failure to File Appeal Pursuant to Bankruptcy Rule 8002 |

On July 9, 1993, Gary and Karen Farley renewed their Motion to Dismiss by refiling it in the District Court. *See Prudential v. Farley*, No. 93–3712 (E.D.Pa. filed July 9, 1993) at Docket No. 3; *see also* footnote 1, *supra* (Court will not treat appeal No. 93–3694 as unopposed).

## II. *DISCUSSION*

The Farleys' Motion to Dismiss the Prudential Appeal states:

2. In violation of Bankruptcy Rule 8002(a), on May 21, 1993, 39 days after entry of the Order, Appellant filed a Notice of Appeal from said Order....

3. Appellant never field·a Motion seeking relief under Bankruptcy Rule 9023. Rather, on or About April 12, 1993, Appellant filed a Motion to Reconsider Order Confirming Debtors' Chapter 11 Plan of Reorganization Pursuant to Bankruptcy Rule 9024.

(Farleys' Memorandum at ¶¶ 2–3).

Bankruptcy Rule, 11 U.S.C. R 8002, sets forth the specific requirements under which an aggrieved party may appeal an Order of the Bankruptcy Court and provides in relevant part:

**Time for Filing Notice of Appeal**

(a) Ten-day period

The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file ·a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

*Id.* The Advisory Committee on the Bankruptcy Rules indicated that Rule 8002 was specifically drafted to shorten the thirty (30) day time period for appeals allowable under Fed.R.App.P. 4, to ten (10) days in order to expedite the bankruptcy process. The Committee stated:

This rule is an adaptation of Rule 4(a) Fed.R.App.P. The time to appeal from a judgment, order, or decree of a bankruptcy judge is 10 days, rather than the 30 days provided for in the civil practice. The shortened time is specified in order to obtain prompt appellate review, often important to the administration of a case under the Code.

*Id.* (reprinted at 11 U.S.C.Bankr.R. 8002). The Farleys allege that Prudential's appeal violates both the text and purpose of Rule 8002, as it was filed 39 days after the April 12, 1993 Bankruptcy Court Order confirming the plan.

Bankruptcy Rule 8002(b), however, provides that when a party to a bankruptcy proceeding files a motion with the bankruptcy court, the time for filing an appeal does not begin to run until the bankruptcy court rules on the motion. Rule 8002(b) provides:

**(b) Effect of motion on time for appeal**

If a timely motion is filed by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, *the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.* A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

*Id.* (emphasis added). Rule 9023, which is cross-referenced in Rule 8002(b) provides:

**New Trials' Amendment of Judgments**

Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008 [review of claims].

Bankr.R. 9023. Read together, Rules 8002 and 9023 provide that when a party seeks timely relief from an order, the period for appeal does not begin to run until after the bankruptcy court rules on the motion.

In the present cases Prudential moved for reconsideration on April 13, 1993, one day after the Plan's Confirmation in both *Prudential v. Mark and Alicia Farley,* Bankr. No. 92–13203 (now E.D.Pa., C.A. No. 93–3694) and *Prudential v. Gary and Karen Farley,* Bankr. No. 92–13202 (now E.D.Pa., C.A. No. 93–3712).[2] The bankruptcy court denied Prudential's Motions for Reconsideration after the hearing held May 12, 1993. Prudential's appeal to this Court on May 21, 1993 was within ten days of the bankruptcy court's denial of its motion.

This Court concludes that Prudential's Motion for Reconsideration qualified as a motion under Rules 8002(b) and 9023, as the two rules are read together. Therefore, the ten day period for Prudential to file an appeal with this Court did not begin to run until the bankruptcy court denied Prudential's Motions on May 12, 1993. In its Motions for Reconsideration, Prudential sought relief from a judgment that it must accept a lower rate of interest based upon its voting status as a secured creditor than did other creditors in the same class. This is a motion for a new trial or relief from judgment as described in Rule 8002(b).

In *In re Branding Iron Steak House,* 536 F.2d 299 (9th Cir.1976), the Ninth Circuit addressed the same argument that the Farleys raise before this Court. The court concluded that a Motion for Reconsideration was a motion to "alter or amend the judgment" within the meaning of former Rule 802 which provided that full time for appeal commenced to run and was to be imputed from the entry of the order granting or denying motion to alter or amend. *Id.* The court stated:

We conclude that a motion to reconsider is a motion "to alter or amend the judgment" with the meaning of Rule 802(b)(3) and that its filing extends the ordinary time limitation for appeal. *See SEC v. Baroff,* 497 F.2d 280 n. 2 (2d Cir.1974). It would be a waste of judicial resources to require that an appeal be filed when the granting of a pending motion to reconsider might eliminate the need for an appeal.

*Id.* at 301. This Court is persuaded by the reasoning in *Iron Steak House* and holds that the Prudential appeal was timely filed based upon the bankruptcy court's decision on May 12, 1993. The present case presents twenty-two (22) classes of creditors, some impaired and some unimpaired. Requiring Prudential to have appealed the plan, while the bankruptcy court was similarly considering whether the interest rate "cram down" conformed with 11 U.S.C. § 1192(b), would have been "a waste of judicial resources." *Id.*

Accordingly, the appellees' Motion to Dismiss is denied. The appellees shall file their response to Prudential's appeal within ten (10) days of this Order, and Prudential is granted leave to file a reply within ten (10) days of the appellees' response. If the appellees elect not to file a response, the Court will treat Prudential's appeal as unopposed.

---

**2.** In fact, it appears from the docket in *Prudential v. Gary and Karen Farley,* Bankr. No. 92–13202 (now E.D.Pa., C.A. No. 93–3712), that Prudential actually moved for reconsideration on the date of the Confirmation, and then renewed its Motion on April 13, 1993. *See* Bankr. No. 92–13202 at Docket No. 157.