428 B.R. 576 (2009)
In re FOOD MANAGEMENT GROUP, LLC, et al., Debtors
Richard Pu, Defendant/Appellant,
v.
Janice B. Grubin, Trustee, Plaintiff/Appellee.
No. 08-CV-7753 (KMK).
United States District Court, S.D. New York.
November 5, 2009.
Richard Pu, Esq. New York, NY, Defendant/Appellant Pro Se.
Janice B. Grubin, Esq., Warren T. Pratt, Esq., Drinker, Biddle & Reath, LLP, New York, NY, for Plaintiff/Appellee.
KENNETH M. KARAS, District Judge.
Appellant Richard Pu ("Pu") filed a notice of appeal in this Court appealing from a final order of the Bankruptcy Court. Appellee Janice Grubin ("Trustee") opposed the motion on several substantive grounds as well as on jurisdictional grounds. For the reasons stated below, Appellant's appeal is dismissed and remanded *577 to the Bankruptcy Court so that Court can consider Appellant's Motion for Reargument and Reconsideration.

I. Background
The Bankruptcy Court issued an order on July 31, 2008 which granted, in part, the Trustee's objections to Appellant's claim. (Order Granting In Part and Den. in Part Trustee's Objection to Proofs of Claim Filed by Richard Pu, Grubin v. Pu, No. 06-A-8470 (Bankr.S.D.N.Y. July 31, 2008) ("Order").) On August 1, 2008, Appellant filed a "Notice of Motion" for reargument pursuant to Local Rule 9023-1. (Notice of Mot., In re Food Mgmt., No. 04-22880 (Bankr.S.D.N.Y. Aug. 1, 2008) ("Notice of Mot.").) The motion was returnable on August 11, 2008, at 9:30 am. (Id.) Accompanying Appellant's motion was a brief (and an amended brief) in support. (Bankr.Dkt.Nos.1338-39.)
Appellee filed a brief opposing Appellant's Motion for Reargument on August 7, 2008. (Trustee's Objection to Mot. of Richard Pu for Reargument and Recons., In re Food Mgmt, No. 04-22880 (Bankr. S.D.N.Y. Aug. 7, 2008) (Bankr.Dkt. No. 1343).) Appellant responded by filing, on August 7, 2008, a reply brief. (Pu's Reply Brief in Support Mot. [sic] for Reargument and Recons., In re Food Mgmt, No. 04-22880 (Bankr.S.D.N.Y. Aug. 7, 2008) (Bankr.Dkt. No. 1347).) Thus, as of August 7, 2008, Appellant's Motion for Reargument was fully submitted to the Bankruptcy Court. On August 8, 2008, Appellant filed a "Notice of Appeal." (Notice of Appeal, In re Food Mgmt, No. 04-22880 (Bankr.S.D.N.Y. Aug. 8, 2008) (Bankr.Dkt. No. 1344).)

II. Discussion

A. The Motion for Reargument Deprives this Court of Jurisdiction to Hear the Appeal
Appellee argues that this Court lacks jurisdiction to hear Appellant's appeal because Appellant's Motion for, Reargument renders the Bankruptcy Court's decision non-final. (Br. of Appellee Janice B. Grubin, Trustee ("Appellee Br.") at 1.)[1] Appellant responds that "following the filing of a notice of appeal, it's the lower court which becomes divested of jurisdiction," and asserts that he moved for reargument on August 11, 2008, not on August 8, 2008, "by [the] terms" of the Notice of Motion. (Pu's Reply Br. at 1-4 ("Reply Br.").)
This Court has jurisdiction to hear appeals from the Bankruptcy Court, pursuant to 28 U.S.C. § 158, "from final judgments, orders, and decrees." 20 U.S.C. § 158(a)(1) (emphasis added). Rule 8002(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:
If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the *578 last such motion outstanding. This provision applies to a timely motion: ... (2) to alter or amend the judgment under Rule 9023; ... A notice of appeal filed after announcement or entry of the judgment, order or decree but before disposition of any of the above motions is ineffective ... until the entry of the order disposing of the last such motion outstanding.
Fed. R. Bankr.P. 8002(b). Thus, under the plain language of this rule, a motion for reargument postpones a party's ability to appeal a bankruptcy court's judgment until resolution of that motion. See Matter of Aguilar, 861 F.2d 873, 875 (5th Cir.1988) (holding that a reconsideration motion is properly treated as a Rule 9023 motion, thus obviating the need to appeal until the motion is decided); Hann v. Michigan, No. 08-CV-14565, 2009 WL 2496666, at *2 (E.D.Mich. Aug. 17, 2009) (noting that "the filing of a timely motion for reconsideration under Bank. R. 9023 (which is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e)) tolls the time for filing a notice of appeal"); Praedium II Broadstone, LLC v. Wall St. Strategies, Inc., No. 04-CV-3880, 2004 WL 2624678, at *4 (S.D.N.Y. Nov. 18, 2004) ("Because [appellant] moved for reargument pursuant to Bankruptcy Rule 9023, it could not have filed this appeal until the entry of [that] [o]rder, which disposed of that motion.") (citing Fed. R. Bankr.P. 8002(b)(2)); In re Farley, 158 B.R. 48, 52 (E.D.Pa.1993) (concluding that a motion for reconsideration "qualified as a motion under Rules 8002(b) and 9023, as the two rules are read together" thereby putting off the time to appeal until the bankruptcy court decided the motion); In re Ionosphere Clubs, Inc., 103 B.R. 501, 502 (Bankr.S.D.N.Y.1989) (noting that "a timely motion for reconsideration of an order renders an appeal from such order a nullity").
Indeed, Bankruptcy Rule 8002 is "an adaptation of Rule 4(a) F.R.App. P." and "Subdivision (b) is essentially the same as Rule 4(a)(4) of the F.R.App. P." F.R. Bankr.P. 8002, advisory committee's note (emphasis deleted). Courts have interpreted Appellate Rule 4(a) to bar appeals until a motion for reargument (or for similar relief) is decided by the lower court. See Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 136 (2d Cir.2000) (noting that "if a party makes a timely Rule 59(e) motion [to alter or amend a judgment], the judgment loses its finality, and the appeal deadline is extended...."); Weyant v. Okst, 198 F.3d 311, 314-15 (2d Cir.1999) (noting that a Rule 59 motion affects the finality of the lower court's judgment) (citing Browder v. Director, Dep't of Corrs., 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)); Lowrance v. Achtyl, 20 F.3d 529, 533-534 (2d Cir.1994) (holding that the Second Circuit's previous decision was void for lack of jurisdiction and stating that appellant's "notice of appeal became a nullity on the filing of the motion for reconsideration" if the motion was, as the Court ultimately held, "a motion to alter or amend the judgment....").
Appellant claims that this Court has jurisdiction notwithstanding his timely filing of a Motion for Reargument before his Notice of Appeal. First, Appellant asserts that his Motion for Reargument was filed on August 11, 2008, and thus post-dated his Notice of Appeal, which was filed on August 8, 2008. (Reply Br. at 1.) The record, however, debunks this claim. Appellant clearly filed his Motion for Reargument on August 1, 2008, and even filed his brief in support of his motion simultaneously with the Notice of Motion. Thus, August 11, 2008 was not the filing date of the motion; instead, it was the return date Appellant selected for his motion. In fact, Appellant's motion was fully submitted by *579 August 7, 2008, the day before Appellant filed his Notice of Appeal. In other words, it is simply wrong for Appellant to claim that the motion, "by its terms" was not filed until August 11, 2008. (Id.)
Second, Appellant asserts that the filing of a notice of appeal, even if filed after the motion for reargument, divests a lower court of jurisdiction. This precise point is contrary to the law. See In re Transtexas Gas Corp., 303 F.3d 571, 575 (5th Cir.2002) (noting that post-judgment motions under Rule 9023 "will render the underlying judgment nonfinal, both when filed before an appeal is takenthus tolling the time for taking an appeal-and when filed after the notice of appealthus divesting the appellate court of jurisdiction ....") (internal citation omitted); Collazo v. Sikorsky Aircraft Corp., No. 03-CV-1620, 2005 WL 856839, at *1 (D.Conn. April 13, 2005) (noting that "when a timely motion [for reconsideration] is made ... the jurisdiction-divesting effect of a notice of appeal is nullified"); 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2821 (3d ed. 2008) ("If a timely motion under Rule 59 has been made and not disposed of, the case lacks finality. For that reason, the subsequent filing of a notice of appeal is a nullity, and does not deprive a trial court of power to rule on the motion.").
Citing several cases, Appellant argues that this Court does have jurisdiction to consider his appeal. (Reply Br. at 2-3.) However, these cases are distinguishable because they either deal with motions for reconsideration or reargument filed after the notice of appeal was taken, or the relevant language is dicta. See, e.g., United States v. Sykes, 697 F.2d 87, 88-39 (2d Cir.1983) (discussing an order by the district court that altered the parties' rights to appeal and that was rendered over a week after the notice of appeal was filed); Weiss v. Hunna, 312 F.2d 711, 713 (2d Cir.1963) (discussing a motion to vacate judgment filed "over three months after" the notice of appeal was filed); Freedman v. Overseas Scientific Corp., 150 F.Supp. 394, 396 (S.D.N.Y.1957) (discussing a motion filed more than two months after the notice of appeal) aff'd, 248 F.2d 274 (2d Cir.1957); Daniels v. Goldberg, 8 F.R.D. 580, 581 (S.D.N.Y.1949) (discussing a motion to vacate filed over a week after the notice of appeal) aff'd, 173 F.2d 911 (2d Cir.1949).

III. Conclusion
For the reasons stated herein, Appellant's appeal is dismissed in its entirety and remanded to the Bankruptcy Court for consideration of Appellant's Motion for Reconsideration. The Clerk of Court is respectfully directed to close the case.
SO ORDERED.
NOTES
[1] Appellee also points out that Appellant "did not file a notice of appeal in the adversary proceeding." (Appellee Br. at 1.) The order appealed from was rendered in an adversary proceeding, not the general bankruptcy proceeding in which Appellant filed his appeal. (See Order.) Appellee does not fully brief this argument and Appellant does not mention it at all. (See Appellee Br. at 1; Reply Br. at 1-3.) "[F]ailure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr.P. 8001(a). There is a question as to whether Appellant's failure to file his Notice of Appeal in the adversary proceeding is equivalent to there being no timely filing of a relevant notice of appeal. Because there exists sufficient alternative grounds to dismiss this appeal for lack of jurisdiction, the Court does not decide this question.